## No. 21756.

### JACOB JOHN MARTINEZ *v.* THE PEOPLE OF THE STATE OF COLORADO.
(417 P.2d 485)

Decided August 8, 1966.     Rehearing denied August 22, 1966.

Ben W. Fann, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Robert C. Miller, Assistant, for defendant in error.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the court.

In a two count information Martinez was charged with the unlawful possession and the unlawful possession for purpose of sale of "a narcotic drug, namely marijuana, *i.e.*, cannabis." Upon trial, Martinez was convicted on both counts and he was thereafter sentenced to a term in the state penitentiary on each of these two convictions, the two sentences to be served concurrently. By writ of error Martinez now seeks reversal of these convictions.

Upon trial, an expert in the science of toxicology testified that certain material which was said to have been taken from Martinez' person was a greenish "powdered leaf material" derived from the hemp plant and was "commonly known in this section of the country as marijuana." The jury was subsequently instructed in

written form by the trial court that "marijuana" and "cannabis" are synonymous and may be used interchangeably.

■ Martinez contends that the People's evidence, at its best, only showed that he was in the possession of marijuana, and that there was no evidence whatsoever to the effect that marijuana is the same as cannabis. While graciously conceding that it is not required that courts be more ignorant than mankind in general, Martinez nevertheless asserts that this is an instance where under the circumstances it was improper for the trial court to invoke the doctrine of judicial notice and to instruct the jury that as a matter of law marijuana and cannabis are the same substance. In other words, Martinez contends that inasmuch as the People only proved that he was in possession of marijuana, as distinguished from cannabis, the evidence is accordingly legally insufficient to sustain his conviction under either C.R.S. 1963, 48-5-2 or 48-5-20. With this general contention we are not in accord.

■ Without prolonging this opinion by engaging in an extended battle in semantics, we conclude as a matter of law that marijuana is identical with cannabis, as it is merely a geographically oriented name for cannabis. In support of our conclusion, see *People v. Savage,* 64 Cal. App.2d 314, 148 P.2d 654 and *State v. Romero,* 74 N.M. 642, 397 P.2d 26.

■ Martinez further contends that C.R.S. 1963, 48-5-1(14)(a) is an unconstitutional delegation of legislative power and that the entire statute is therefore invalid. This argument, as it relates to one in Martinez' position, was considered and rejected by us in *People v. Stark,* 157 Colo. 59, 400 P.2d 923.

■■ Martinez' remaining assignments of error have been considered and found to be without merit. In other words, the chain of evidence did establish, *prima facie,* that the material taken from Martinez' person was the material which was ultimately delivered to the toxi-

cologist for examination. Also, we perceive no error in the trial court's permitting the District Attorney to recall a witness in his effort to establish this particular chain of evidence.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON not participating.