### No. 25410

### The People of the State of Colorado v. William Leslie Holcomb

(532 P.2d 45)

Decided February 10, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, Don L. Nelson, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant was convicted by a jury of one count of unlawfully dispensing a dangerous drug, phencyclidine, in violation of 1969 Perm. Supp., C.R.S. 1963, 48-8-2(2)(a), and a second count of sale with intent to induce or aid another to unlawfully use or possess a narcotic drug, cannabis sativa L., in violation of C.R.S. 1963, 48-5-20(1)(a) and (c). We find no prejudicial error and therefore affirm the convictions.

Appellant's defense challenged the sufficiency of the proof that the drugs involved in the sales were in fact phencyclidine and cannabis sativa L. Appellant did not testify in his own behalf and presented only one witness, a taxonomist from Colorado State University.

The trial, in effect, became a credibility contest between the expert witnesses. The expert for the People had chemically analyzed and identified the drugs involved as phencyclidine and cannabis sativa L. The expert witness for the defense had analyzed a sample of the marijuana involved. He was of the opinion it was cannabis but that it could not be identified specifi-

cally as cannabis sativa L. He had no opinion as to the identification of the other drug as phencyclidine.

I.

Appellant contends the court prejudicially erred by refusing to accept his tendered instruction on lesser-included offenses and to instruct the jury that possession of narcotic drugs and possession of dangerous drugs were lesser-included offenses of sale of narcotic drugs (with intent) and sale of dangerous drugs.

In *People v. Rivera,* 186 Colo. 24, 525 P.2d 431, this Court clarified the law in Colorado on the doctrine of lesser-included offenses. Without going into an extensive discussion, we hold that the offense of possession of a narcotic drug is not a lesser-included offense of sale of a narcotic drug (with intent), and that possession of a dangerous drug is not a lesser-included offense of sale of a dangerous drug. The tests as set forth in *Rivera, supra,* do not require a contrary conclusion. We simply find that the offenses are separate and distinct and proscribe some different kinds of conduct. The trial court properly refused to give the tendered instruction and verdict forms.

II.

Appellant contends the court erred in failing to give his tendered instruction on his theory of the case. His theory was premised on the assumption that cannabis sativa L., cannabis americanus, and cannabis indica are separate species of drugs that are not identical; and that failure to prove beyond a reasonable doubt that the alleged narcotic drug sold was cannabis sativa L., as differentiated from cannabis americanus or cannabis indica, must result in his acquittal. In our view, the failure to give the tendered instruction was not error inasmuch as it was premised on an invalid assumption — that cannabis americanus and cannabis indica are separate species from cannabis sativa L.

This Court has considered a similar problem raised under the narcotic drug statute, in *Martinez v. People,* 160 Colo. 333, 417 P.2d 485, where the contention was asserted that marijuana and cannabis were not synonymous. There, this Court held as a matter of law that marijuana is identical with cannabis and that the common name ''marijuana'' was merely a geographically oriented name for cannabis.

■ From our examination of the authorities on the subject, we find that cannabis sativa L. is the sole species of which marijuana, cannabis americanus and cannabis indica are merely varieties, so named because of their geographic origin. Marijuana (marihuana) is the Mexican variety of cannabis sativa L.; cannabis americanus, the North American variety; and cannabis indica the variety grown in India. That matter was considered in detail in *State v. Romero,* 74 N.M. 642, 397 P.2d 26, where the court concluded:

"We conclude as a matter of law that marijuana is identical with cannabis, cannabis sativa L., and cannabis indica. Marijuana and cannabis indica are merely geographical oriented names of cannabis, whereas cannabis sativa L. is the botanical name of cannabis."

*See United States v. John Moore,* 330 F. Supp. 684 (1970), and authorities cited therein. Among a few of the other authorities lending support to this conclusion are: *L. Goodman* and *A. Gilman,* "Cannabis (Marijuana) History and Source," in 4th ed., *The Pharmacological Basis of Therapeutics* (The MacMillan Company, London and Toronto, 1970), p. 298; *Charles M. Gruber,* "Cannabis (Indian Hemp, Marijuana, or Hashish)," in Vol. 2, *The Cyclopedia of Medicine, Surgery, Specialties* (F. A. Davis, Philadelphia, 1971), p. 871; *Thomas Lathrop Stedman, Reference Handbook of the Medical Sciences,* Vol. II, (William Wood and Company, New York, 1923), p. 610.

■ Our narcotic drug statute, C.R.S. 1963, 48-5-1, *et seq.,* which, by section 48-5-1(14), includes cannabis as a narcotic drug, further defines cannabis in section 48-5-1(13) as including all parts of the plant cannabis sativa L., with certain exceptions. Nowhere are the varieties of the species sativa L. excluded from the operation of the drug statute. It is our conclusion as a matter of law that the proscription of the statute includes all varieties of the species sativa L., whether designated as cannabis, marijuana, cannabis americanus, or cannabis indica.

The record discloses that the court correctly instructed the jury as to the law applicable in this regard and we do not find any merit to appellant's argument that the court erred in refusing to give his tendered theory of the case instruction.

### III.

Appellant next contends the trial court abused its discretion in not granting him a continuance. We do not agree.

The record discloses that on April 8, 1971, the appellant was accused in a seven-count information with various violations of the narcotic drug and dangerous drug acts. A preliminary hearing was held on May 14, 1971, and appellant was bound over for trial on August 11, 1971. Appellant's motion for relief from prejudicial joinder was granted on August 4, 1971, and all counts except the two here involved were severed for trial purposes.

On August 6 appellant filed his discovery motion for production of samples of the drugs seized to allow testing before trial. The samples were unavailable until August 9 because of difficulty in locating the drugs.

On August 10 appellant moved for a continuance of the trial, contending that proper testing of the evidence required additional time. The motion was denied on the basis that appellant had not been diligent in his discovery. The case had been set for trial two and one-half months and inspection of the drugs for testing purposes had not been sought until five days before trial.

The trial was held as scheduled, commencing August 11. As heretofore noted, appellant's only witness was the expert taxonomist who in fact had examined and analyzed the sample of marijuana supplied by the People. His opinion was to the effect that the sample did contain cannabis, but that it was not possible to identify the cannabis as sativa L., as differentiated from cannabis americanus or cannabis indica. His expert testimony formed the basis of appellant's theory of defense, as hereinabove discussed.

It is well-established that the granting or denying of a motion for continuance lies within the sound discretion of the court, and that a conviction will not be overturned on appeal unless there was a clear abuse of discretion. *People v. Miller,* 178 Colo. 397, 497 P.2d 992. Under the circumstances of this case, we cannot say that the court abused its discretion in view of the long period of time that counsel for appellant had for discovery and preparation for trial. Moreover, no prejudice resulted to appellant from denial of the continuance. Appellant's expert was

able before trial to conduct his independent examination and analysis of the critical evidence, which confirmed that the drug seized in fact contained cannabis.

Although not raised in appellant's brief as grounds for reversal, during oral arguments counsel argued that the denial of a second motion for continuance made during the trial, while counsel was cross-examining the People's expert witness, was error. He contended that the denial of the continuance deprived appellant of the full right to cross-examine, and a fair trial. We do not agree, in view of the context in which the ruling was made.

Appellant had been supplied a copy of the expert witness' report of examination and analysis of the suspected marijuana. During cross-examination, counsel for appellant secured an admission from the witness that he had, two days prior to trial, reviewed his laboratory notes made while conducting his examination and analysis of the suspected drugs, and that prior to such review he had no independent recollection of having made the specific tests. Upon eliciting this admission, counsel demanded the laboratory notes, which were not in court but were in Denver in the files of the Colorado Bureau of Investigation, by whom the expert had been employed at the time of the examination and analysis. Counsel then moved for a continuance of the trial in order to have produced the laboratory notes for use in further cross-examination. This was denied.

This is not the usual Crim. P. 16 situation where, during trial, reports or memoranda are in the possession of the witness who is using them in aid of his testimony, and which upon demand must be turned over to opposing counsel for use in cross-examination. Here, the report of the examination and analysis of the suspected drugs had actually been turned over to defense counsel prior to trial. Defense counsel acknowledged that he had learned before trial that in all likelihood there would be laboratory notes made by the analyst at the time of his examination and analysis. Yet, he made no demand or request that the laboratory notes be produced for use at trial. Had demand been made, the laboratory notes would have properly been discoverable under Crim. P. 16(a)(2), in effect at the time of trial.

The absence of the laboratory notes, at most, concerned

only the weight to be accorded this evidence by the jury. In view of the location of the laboratory notes in the Denver office of the C.B.I., and counsel's failure to take advantage of his pretrial discovery rights, or to give notice and demand for their production at trial, we cannot say that the trial court abused its discretion in denying appellant's motion for continuance.

### IV.

Lastly, appellant urges reversal predicated upon a colloquy between counsel for appellant and the court during the voir dire of the jury. The discussion was prompted by counsel's questions concerning the verity to be attributed to a police officer's testimony. Counsel had challenged a juror for cause on the basis that the juror was predisposed to believe a police officer's testimony over that of the ordinary citizen. The court denied the challenge. The colloquy between counsel and the court resulted in a remark by the court that in a hypothetical situation it would be human nature to believe a police officer as opposed to a perfect stranger. Counsel then moved for a mistrial on the basis of this remark. The motion was denied.

The record indicates that the particular juror being interrogated was peremptorily challenged by counsel and was not a member of the trial jury.

The court, during the jury charge, not only gave the usual instruction on credibility of witnesses generally, but also gave a special instruction on the credibility of police officers, stating: "* * * The testimony of police officers should bear no more weight in your minds than the testimony of any other private citizen, and should be judged on the same basis as the testimony of other persons, and the testimony of police officers should not be given special weight by you." In view of this cautionary instruction, we will not presume that the jury was prejudiced by the remark of the court to which objection was made.

The judgment is affirmed.

MR. JUSTICE GROVES dissents.

MR. JUSTICE ERICKSON concurs in the result.

MR. JUSTICE GROVES dissenting:

A recess of probably only two or three hours would have been

required to have the laboratory notes brought from Denver to Fort Collins, the place of trial. In the light of the testimony of the expert taxonomist on cross-examination, under the circumstances I think the court erred in not recessing the case until counsel could see the notes.