The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Miguel A. TORRES, Jr.,
Defendant–Appellant.

No. 88CA1386.

Colorado Court of Appeals,
Div. V.

Nov. 23, 1990.

As Modified on Denial of Rehearing
Feb. 7, 1991.

Certiorari Denied July 9, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Deborah Isenberg Pratt, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Kathleen A. Lord, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge JONES.

Defendant, Miguel A. Torres, Jr., appeals a judgment of conviction entered on jury verdicts finding him guilty of five counts of distribution of marihuana, in violation of § 18–18–106(8), C.R.S. (1986 Repl.Vol. 8B). We affirm.

The evidence at trial established that defendant sold marihuana to an undercover police officer on five different occasions. Defendant, who sold the detective amounts of marihuana ranging from 9 grams to one ounce, was paid in cash for each transaction. Defendant admitted his involvement in these transactions, but testified that in selling the marihuana he was motivated not by profit but rather by a desire to develop a friendship and sexual relationship with the detective.

Defendant contends that the trial court committed reversible error in failing to instruct the jury properly on all of the elements of felony distribution of marihuana. We disagree.

Section 18–18–106(8)(b)(I), C.R.S. (1990 Cum.Supp.) provides that: "[I]t is unlawful ... knowingly to manufacture, dispense, sell, or distribute [marihuana], with or without remuneration...." Violation of this provision is a class 4 felony. Defendant was charged with felony distribution of marihuana under this subsection, and the jury was instructed pursuant to the language of the statute. When asked, defense counsel stated that he had no objections to the instructions.

■ For the first time, defendant now maintains that the elemental instruction for the offense with which he was charged was incomplete. He notes that § 18–18–106(5), C.R.S. (1986 Repl.Vol. 8B) makes it a petty offense to transfer or dispense less than one ounce of marihuana from one person to another for no consideration. Defendant asserts that the act of transferring less than one ounce of marihuana, as provided in § 18–18–106(5), is actually an element of felony distribution. He argues, therefore, that the court was obligated, *sua sponte*, to instruct the jurors that if they found defendant transferred or dispensed less than one ounce of marihuana for no consid-

eration, they must find him not guilty of felony distribution. We are not persuaded by defendant's claims.

■ In construing a statute, our task is to ascertain and give effect to the intent of the General Assembly. To this end, we must read and consider the statutory scheme as a whole to give consistent, harmonious, and sensible effect to all its parts. *Charnes v. Boom*, 766 P.2d 665 (Colo.1988). In determining legislative intent it is useful to consider the history of the statute, *Bynum v. Kautzky*, 784 P.2d 735 (Colo.1989), as well as the language of the statute itself, giving statutory terms their commonly accepted and understood meaning. *People v. District Court*, 713 P.2d 918 (Colo.1986).

■ Applying these principles, we initially conclude that § 18–18–106(5) does not state an element of felony distribution. By its plain language, that subsection provides that the transfer or dispensing of less than one ounce of marihuana for no consideration is the crime of *possession*, "and not [the crime] of dispensing or sale...." The language used demonstrates a deliberate choice by the General Assembly to differentiate the two offenses and the circumstances giving rise to the crime of possession.

Furthermore, the marihuana statute, as originally enacted in 1981, did not contain the felony distribution subsection. *See* Colo.Sess.Laws 1981, ch. 128 at 730–732. The addition of § 18–18–106(8)(b)(I) in 1982 is evidence of the General Assembly's determination to address and punish conduct not already covered in the statute. *See* Colo.Sess.Laws 1982, ch. 50 at 257. Had the General Assembly intended that the transfer of less than one ounce of marihuana for no consideration be an element of felony distribution, the 1982 amendment would have been tied to § 18–18–106(5) rather than to § 18–18–106(8).

We believe the 1982 addition makes clear that the two subsections at issue here are independent of one another, define distinctly different crimes, and effectuate different legislative goals. This construction

best reconciles the two provisions, giving the maximum possible efficacy to both. Hence, because we conclude the two subsections define conduct giving rise to two distinct offenses, defendant's argument that the distribution instruction was incomplete must be rejected. Thus, there was no error in the elemental instruction given here.

We further conclude that, under the circumstances of this case, an instruction on the crime of possession was not appropriate.

■ A theory of defense instruction which permits the jury to find a defendant innocent of the principal charge and guilty of a lesser charge should be given when warranted by the evidence. *People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974).

■ Here, it was defendant's theory that in selling the marihuana to the detective he was not motivated by profit and, in fact, did not make a profit. However, defendant did not deny taking money from the detective, and there was absolutely no evidence introduced to dispute the fact that money changed hands.

Defendant's motive in entering into these transactions does not change their character. Because the transactions involved consideration, there was no basis for the jury to have acquitted defendant on the felony distribution charge and at the same time have found him guilty of possession under § 18–18–106(5).

In view of the facts at issue and the conclusions reached above, we need not consider defendant's additional contention that, in the absence of a clarifying instruction with respect to the amount of marihuana dispensed, he was denied equal protection under the law.

Judgment affirmed.

HUME and REED, JJ., concur.