The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Laurie L. GRAYBEAL, Defendant–
Appellant.

No. 05CA0089.

Colorado Court of Appeals,
Div. II.

Jan. 25, 2007.

John W. Suthers, Attorney General, Kathleen M. Byrne, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Garrett Sheldon, Walsenburg, Colorado, for Defendant–Appellant.

Opinion by Judge TERRY.

Defendant, Laurie L. Graybeal, appeals her conviction entered on jury verdicts finding her guilty of one count each of contributing to the delinquency of a minor (marijuana), contributing to the delinquency of a minor (alcohol), and transfer of marihuana to a person under fifteen years of age. We affirm.

The alcohol charges stemmed from an incident that occurred when defendant was approached by an eighteen-year-old friend (H.R.) who asked her to purchase alcohol for him. Defendant bought the alcohol and transferred it to the car H.R. occupied, which

was driven by a person known by defendant to be a minor (S.O.). At trial, defendant admitted buying alcohol for H.R., but argued that she could not be convicted of contributing to the delinquency of a minor because, although she knew a minor was driving the car, she had no control over what happened to the alcohol once she gave it to H.R.

The marijuana charges arose from a number of snowboarding trips that defendant took with H.R. and minors in the winter of 2003 to 2004. It was alleged that on those trips, defendant provided marijuana to, and smoked marijuana with, the minors and H.R. Defendant testified, however, that although she smoked marijuana on these occasions, she did not provide it to anyone.

At the conclusion of a jury trial, defendant was convicted of two counts of contributing to the delinquency of a minor and one count of transfer of marijuana to a person under fifteen years of age. The jury was unable to reach a verdict on the other charges. Defendant was sentenced to 90 days in jail, 4 years of probation, and 300 hours of community service.

## I.

■ With respect to her conviction of transferring marijuana to a person under age fifteen, defendant contends that the trial court erred by not giving a jury instruction under § 18–18–406(5), C.R.S.2006, in conjunction with the instruction for transferring or dispensing less than one ounce of marijuana under § 18–18–406(7)(b), C.R.S.2006. We reject that contention.

Defendant was convicted under § 18–18–406(7)(b), which provides that "[a]ny person, eighteen years of age or older who transfers or dispenses any amount of marihuana, with or without consideration, to any person under the age of fifteen years commits a class 4 felony."

Defendant contends the jury should have been instructed on the language of § 18–18–406(5), which states that "[t]ransferring or dispensing not more than one ounce of marijuana from one person to another for no consideration shall be deemed possession and not dispensing or sale thereof." She argues

that the "apparent purpose of this [sub] section is to exempt persons from felony prosecution who merely smoke marijuana and transfer it from one person to another."

As the basis of her argument for the giving of an instruction under § 18–18–406(5), defendant relies upon the introductory language of § 18–18–406(7)(a), C.R.S.2006, which is not contained in § 18–18–406(7)(b). Section 18–18–406(7)(a) states in pertinent part:

> Any provision of this article to the contrary notwithstanding, any person eighteen years of age or older who transfers or dispenses more than one ounce of marihuana for consideration to any person under eighteen years of age but at least fifteen years of age ... commits a class 4 felony....

Subsection (7)(a) contains the phrase "[a]ny provision of this article to the contrary notwithstanding," while subsection (7)(b) does not. Although defendant's argument is not clear, she appears to contend that the absence of the phrase in subsection (7)(b) indicates that any statutory provisions of article 18 of title 18 that are "to the contrary" of that subsection are not overridden by it; that § 18–18–406(5) is "to the contrary" of subsection (7)(b); and that the court was therefore required to instruct the jury in accordance with § 18–18–406(5). We disagree.

■ We presume that the legislature intended statutes to be given "consistent, harmonious and sensible" effect. *Martinez v. Cont'l Enters.*, 730 P.2d 308, 315 (Colo. 1986); *see* § 2–4–201(1)(b), C.R.S.2006 (it is presumed that an entire statute is to be effective). Where statutory language is clear and unambiguous, it must be interpreted as written. *East Lakewood Sanitation Dist. v. Dist. Court*, 842 P.2d 233 (Colo.1992). Courts are to give effect to all parts of a statute and avoid constructions that would render portions of the statute meaningless. *In re Marriage of Huff*, 834 P.2d 244 (Colo. 1992). In construing a statute, courts must seek to avoid an interpretation that leads to an absurd result. *State v. Nieto*, 993 P.2d 493 (Colo.2000).

If defendant's interpretation were adopted, a defendant charged with violation of subsection (7)(a) would not be entitled to an instruction under § 18–18–406(5), while a defendant charged under subsection (7)(b) would be entitled to such an instruction. If the statutes were construed as suggested by defendant, persons charged under subsection (7)(b) for selling marijuana to children under age fifteen could instead be found guilty of the lesser charge of possession, while persons charged under subsection (7)(a) for selling it to children between the ages of fifteen and eighteen could only be found guilty of the more serious charge of distribution under subsection (7)(a). Such a result would be inconsistent with the General Assembly's tendency to provide greater protection for younger children than for older children. For example, § 18–3–405.3, C.R.S.2006, specifies that sexual assault on a child by a person in a position of trust is a class three felony if the child is less than fifteen years of age, and a class four felony if the child is over fifteen years of age. Additionally, under § 18–1–503.5(1), C.R.S.2006, where the criminality of conduct depends on a child's being younger than eighteen years of age and the child was in fact at least fifteen years of age, it is an affirmative defense that the defendant reasonably believed the child to be eighteen years of age or older. In contrast, under § 18–1–503.5(2), C.R.S.2006, if the criminality of conduct depends on a child's being younger than eighteen years of age and the child was in fact younger than fifteen years of age, it is not a defense that the defendant reasonably believed the child was eighteen years of age or older. *See also* § 18–3–304(3), C.R.S.2006 (the penalty for violation of custody orders or orders relating to parental responsibilities is lessened if the child is more than fourteen years old and is taken at his own instigation without enticement). We decline to adopt defendant's interpretation.

Additionally, under defendant's proposed reading of the statute, the language of § 18–18–406(7)(b), "person ... who transfers or dispenses *any amount* of marihuana ... to any person under the age of fifteen years" (emphasis added) would be rendered meaningless and defeat the legislature's clear intent, which was to prohibit transfer of marijuana regardless of the amount to a certain class of young minors. Therefore, the trial court correctly rejected the request to instruct the jury under § 18–18–406(5).

## II.

■ Defendant next argues that possession of marijuana under § 18–18–406(1), C.R.S.2006, is a lesser included offense of the charges brought against her under § 18–18–406(7)(b) and § 18–6–701(1), C.R.S.2006. Therefore, defendant argues, the trial court erred by refusing her request for an instruction under the possession statute. We disagree.

■ To determine whether an offense constitutes a lesser included offense of a greater offense, § 18–1–408(5)(a), C.R.S.2006, requires a statutory comparison of the elements of each offense. *Meads v. People*, 78 P.3d 290 (Colo.2003). This statutory comparison is also referred to as the "strict elements test." *Meads, supra.* Under the test, if proof of the elements of the greater offense necessarily proves the lesser offense, then the lesser offense is a lesser included offense. *Meads, supra; People v. Delgado–Elizarras*, 131 P.3d 1110 (Colo.App.2005). If, however, each of the statutory offenses requires proof of at least one more fact than the other, the strict elements test is not satisfied, and it is presumed that the defendant could be convicted of both offenses. *Meads, supra.*

## A.

We first compare the elements for possession of marijuana to the elements for transfer of marijuana. Defendant was convicted of transferring marijuana to a person under the age of fifteen under § 18–18–406(7)(b). The elements of the crime are:

1) That the defendant,

2) in the State of Colorado, at or about the date and place charged

3) was eighteen years of age or older, and

4) transferred or dispensed

5) any amount of marihuana, with or without consideration

6) to any person under the age of fifteen years.

*See* § 18–18–406(7)(b); CJI–Crim. 36:09 (1983).

"Transfer" is not defined in the statute. "Dispense" means to "deliver a controlled substance to an ultimate user." Section 18–18–102(9), C.R.S.2006. "Deliver," in turn, means "to transfer ... a substance, actually or constructively, from one person to another." Section 18–18–102(7), C.R.S.2006.

The elements of possession of marijuana under § 18–18–406(1) are:

1) That the defendant

2) in the State of Colorado, at or about the date and place charged

3) knowingly possessed

4) not more than one ounce of marihuana.

*See* § 18–18–406(1); CJI–Crim. 36:03 (1983). "Possession" is not defined.

Although the issue of whether possession is a lesser included offense of § 18–18–406(7)(b) has not been directly addressed in Colorado, similar issues have been addressed in other cases, and those cases are instructive to our analysis. In *People v. Thurman,* 948 P.2d 69 (Colo.App.1997), the defendant argued that possession was a lesser included offense of a charge of distribution of marijuana. A panel of this court disagreed because possession was not an element of the offense of distribution. *Thurman, supra.* Similarly, a panel of this court has also rejected the contention that transferring or dispensing less than one ounce of marijuana, which is "deemed possession," is the same as dispensing or selling marijuana. *People v. Torres,* 812 P.2d 672 (Colo.App.1990). The panel concluded that the legislature's enactment of separate subsections of the marijuana statute defined conduct that gave rise to two different offenses. *Torres, supra.*

The supreme court has also rejected the argument that possession is a lesser included offense of the charge of sale of a controlled substance. The court concluded that the two offenses were separate and distinct and described different kinds of conduct. *People v. Bloom,* 195 Colo. 246, 577 P.2d 288 (1978); *see People v. Holcomb,* 187 Colo. 371, 532 P.2d 45 (1975).

The "transfer" and "dispensing" of a controlled substance are distinct from "possession" of it. The term "transfer" encompasses both direct and indirect methods of disposing of property. *Black's Law Dictionary* 1535 (8th ed.2004). "Constructive transfer" is defined as "a delivery of an item—[especially] a controlled substance—by someone other than the owner but at the owner's direction." *Black's Law Dictionary, supra* at 1535. Thus, defendant need not have possessed marijuana in order to have transferred it to another person. Because proof of the elements of the transfer offense do not necessarily prove the elements of possession, possession is not a lesser included offense of § 18–18–406(7)(b). We therefore conclude that the trial court did not err in refusing defendant's requested instruction under § 18–18–406(1).

### B.

■ We next compare the elements of possession of marijuana to the elements of contributing to the delinquency of a minor by inducing, aiding, or encouraging a minor to possess marijuana. Defendant was convicted of contributing to the delinquency of a minor under § 18–6–701, C.R.S.2006, the elements of which are:

1) That the defendant,

2) in the State of Colorado, at or about the date and place charged,

3) knowingly,

4) induced, aided, or encouraged,

5) a person under the age of eighteen,

6) to violate a state law.

*See* § 18–6–701; *Gorman v. People,* 19 P.3d 662 (Colo.2000); CJI–Crim. 22:11 (1983). The state law which defendant was charged with inducing minors to violate was possession of marijuana under § 18–18–406(1).

To convict defendant of possession under § 18–18–406(1), the People would be required to prove beyond a reasonable doubt that defendant possessed marijuana. Possession of marijuana by defendant need not be proven to convict her under § 18–6–701, so long as she induced, aided, or encouraged a minor to possess it. Therefore, possession

of marijuana is not a lesser included offense of contributing to the delinquency of a minor. Thus, the trial court did not err in refusing to instruct the jury that § 18–18–406(1) was a lesser included offense of § 18–6–701. We note that defendant did not in the trial court, and does not on appeal, argue that she was entitled to seek an instruction on possession as a lesser nonincluded offense or as a theory of the case instruction. *See People v. Rea,* 7 P.3d 995 (Colo.App.1999).

## III.

Next, defendant argues that the trial court erred in denying her motion to disallow certain testimony of minors identifying marijuana, and denying her motion to dismiss the marijuana charges for lack of evidence. We reject these arguments in turn.

## A.

■ Defendant contends that the trial court abused its discretion by admitting testimony of minors identifying a substance as marijuana. We disagree.

■ The trial court has broad discretion in determining whether witness testimony is admissible. *Silverberg v. Colantuno,* 991 P.2d 280, 291 (Colo.App.1998). The decision of a trial court to allow certain testimony will not be reversed absent an abuse of discretion. *Silverberg, supra.*

Although this issue has not previously been addressed in Colorado, other jurisdictions have admitted lay identifications of marijuana and other controlled substances based on testimony concerning their appearance, taste, and smell. *See, e.g., United States v. Durham,* 464 F.3d 976 (9th Cir.2006)(government need not produce scientific evidence to prove identity of substance as long as lay testimony or circumstantial evidence is sufficient to support a jury finding that substance was marijuana); *United States v. Paiva,* 892 F.2d 148 (1st Cir.1989) (lay witness testimony that substance looked and tasted like cocaine was clearly proper and within trial court's discretion to allow); *United States v. Dolan,* 544 F.2d 1219 (4th Cir.1976)(lay testimony and circumstantial evidence may be sufficient to identify substance involved in alleged narcotics transaction). *See also People v. Souva,* 141 P.3d 845, 850 (Colo.App.2005)(lay testimony is admissible to prove drug-induced intoxication). We agree with these cases.

CRE 701 governs the opinion testimony of lay witnesses. It states that lay opinions are admissible if they are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

We conclude that the trial court did not abuse its discretion by allowing lay witnesses, including minors, to identify the substance provided to them by defendant as marijuana. The witnesses described prior experiences with marijuana and based their identification on its appearance, taste, and distinctive smell. These matters did not require any technical or specialized knowledge that would fall within the scope of CRE 702. Accordingly, the minors established a proper foundation for their identification testimony. Reliability of the minors' identification was bolstered by testimony of H.R., who testified that defendant provided the marijuana smoked by the minors and said that he was the one who sold the marijuana to defendant. Defendant also admitted receiving marijuana from H.R. and smoking it with him and with the minors. Both she and H.R. admitted significant familiarity with the drug.

We conclude that a proper foundation existed for lay testimony identifying the substance as marijuana, and that the admission of such testimony was not an abuse of discretion.

## B.

■ Defendant contends the evidence was insufficient to support her marijuana convictions. In addition to her argument that the testimony of lay witnesses was insufficient to establish that the substance in issue was marijuana, she also contends that the substance should have been chemically tested to prove that it was marijuana. We are not persuaded.

■ When a defendant challenges the sufficiency of the evidence upon which a con-

viction is founded, we must review the totality of the evidence viewed in the light most favorable to the prosecution. *People v. Quick,* 713 P.2d 1282 (Colo.1986). We then determine whether the evidence is substantial enough to support a conclusion by a reasonable person that the defendant committed the crime beyond a reasonable doubt. In so doing, we recognize that it is the fact finder's role to weigh witness credibility and to decide what weight to give conflicting evidence. *Quick, supra.*

■ When viewed in the light most favorable to the prosecution, the evidence was sufficient to support defendant's conviction. We have already concluded that the testimony of minor witnesses was sufficient to identify the substance as marijuana. Contrary to defendant's suggestion, there is no requirement that chemical tests be administered or that expert testimony be offered to bolster such lay identification testimony. *See People v. Lake,* 195 Colo. 454, 580 P.2d 788 (1978); *People v. Steiner,* 640 P.2d 250 (Colo.App. 1981). Further, defendant herself admitted that she had significant familiarity with marijuana and that she had smoked it with the same minors who testified for the People. We conclude that there was sufficient evidence to support the jury verdict.

## IV.

■ Defendant next contends that the trial court erred by failing to dismiss the charge of contributing to the delinquency of a minor by inducing, aiding, or encouraging a child under eighteen to possess alcohol. This conviction involved defendant's purchase of beer for H.R., age eighteen, and S.O., age seventeen. Defendant argues that there was insufficient evidence to establish that she had any contact with the minor, S.O., in connection with the purchase. She maintains that she provided beer only to H.R., who was over eighteen years of age and that he, in turn, provided it to S.O. We disagree.

H.R. testified that defendant entered the store and purchased the beer and told H.R. to drive around to the back of the liquor store. H.R. and S.O. testified that defendant gave the beer to "us," collectively. It is uncontested that defendant gave the beer to H.R. while he was seated in the passenger seat of a car driven by S.O. S.O. testified that

he gave H.R. the money for the beer. Defendant testified she knew S.O. was driving the car in which H.R. was a passenger. From this evidence, a reasonable jury could infer that defendant aided or encouraged S.O. to possess alcohol in violation of § 12–47–901(1)(c), C.R.S.2006. Taking into account the totality of circumstances and viewing the evidence in the light most favorable to the prosecution, we conclude that sufficient evidence existed to support the jury's verdict on this charge.

## V.

■ Defendant next asserts that the trial court erred in not ensuring that the juveniles who took the stand and testified to drug or alcohol use were advised of the privilege against self-incrimination. We decline to address this issue.

The privilege against self-incrimination is personal in nature. *Couch v. United States,* 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973); *see People v. Martinez,* 970 P.2d 469 (Colo.1998). Thus, defendant has no standing to assert this right on behalf of the witnesses called against her.

## VI.

Finally, we note that defendant's opening brief contains a section titled "Statement of Issues." Here, defendant states that the trial court erred in "denying Defendant's motion that [the] prosecution elect between or dismiss the similar marijuana counts concerning the same episode, same victim and the same substance." However, nowhere does defendant elaborate on, support, or explain this statement. This court "will not search through briefs to discover what errors are relied on, and then search through the record for supporting evidence." *Mauldin v. Lowery,* 127 Colo. 234, 236, 255 P.2d 976, 977 (1953). Therefore, we decline to reach this issue.

The judgment is affirmed.

Judge TAUBMAN and Judge VOGT concur.