The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

William L. MEADS, Defendant–Appellant.

No. 00CA1864.

Colorado Court of Appeals, Div. I.

July 18, 2002.

Certiorari Granted Dec. 16, 2002.

Ken Salazar, Attorney General, Paul Koehler, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Tracy C. Renner, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, William L. Meads, appeals the judgment of conviction entered upon jury verdicts finding him guilty of theft and second degree aggravated motor vehicle theft. We affirm.

After the owner of a truck had parked it, with keys left in the ignition, in a Colorado Springs salvage yard belonging to defendant's stepfather, defendant took the truck

without permission. Approximately twenty-four hours later, while defendant was driving the truck off-road in Jefferson County, it became stuck in a pile of manure that was three to four feet high and over twenty feet long.

The manure owner happened along, saw that the truck was stuck, and spent approximately thirty minutes trying to dig it out by hand and with his bobcat. Defendant asked several times to operate the bobcat himself and offered to give the manure owner some tools out of the truck in exchange. The owner declined, saying "I saw what you did to your truck, you're not driving my tractor." Defendant said he would get someone else to help him, then left and walked a quarter of a mile to a gas station, where he made a telephone call. In the meantime, because the truck was almost extricated from the manure when defendant left, the manure owner became suspicious and called the sheriff. A check showed that the truck had been reported stolen. Defendant was then arrested at the gas station.

After a jury found defendant guilty, he was sentenced to four years in the Department of Corrections for theft and to one year in jail for second degree aggravated motor vehicle theft, to be served concurrently.

## I.

Defendant first contends the trial court violated his constitutional right to due process when it refused his theory of defense instruction and submitted, over his objection, a revised theory of defense instruction. We disagree.

■ A defendant is entitled to a theory of the case instruction if the record contains any evidence to support the theory. *See People v. Nunez*, 841 P.2d 261 (Colo.1992). However, "[T]his does not mean that just any instruction so labeled should be given by the trial court." *Sterling v. People*, 151 Colo. 127, 131, 376 P.2d 676, 678 (1962).

■ A proper theory of the case instruction should explain a defendant's view of what the evidence shows, must be general and brief, and must instruct the jury on the legal effect of the explanation. *See People v.*

*Luu*, 813 P.2d 826 (Colo.App.1991), *aff'd*, 841 P.2d 271 (Colo.1992).

Defendant's proffered instruction stated: "[Defendant] asserts that when he borrowed [the victim's] truck he had every intention of bringing it back. However, due to circumstances beyond his control he was not personally able to return the truck."

The court rejected the instruction as being unsupported by the evidence. However, after further argument by defense counsel, the court gave an instruction that stated: "The defense theory of the case is that the defendant borrowed [the victim's] truck with the intention of returning it."

■ We find no error in the trial court's ruling. Defendant did not testify. Thus, the first sentence of the instruction relating to his intent was unsupported by any direct evidence. To the extent defendant argues that his intent could have been inferred from his actions and relationship with the victim, the trial court's redrafted instruction, which set out defendant's theory of intent, sufficed to convey the point to the jury.

The second sentence of defendant's theory of defense instruction was also problematic. While the facts that the truck became stuck in the pile of manure and defendant was arrested may or may not have contributed to his inability to return the truck, the critical issue was his intent twenty-four hours earlier, when he took the truck. *See People v. Nunez, supra.*

Accordingly, we reject defendant's contention.

## II.

■ Defendant next contends the prosecutor misstated the law regarding the meaning of "intent to permanently deprive" during closing argument and, thus, violated his constitutional rights to due process and a fair trial. We find no misstatement and, therefore, reject the contention.

In her initial closing argument, the prosecutor said:

Intent to permanently deprive doesn't mean [the victim] would never get the

truck back. It just means the defendant wasn't going to return it, and he didn't return it.... That's what intent to permanently deprive means. It means he was making no attempt himself to return the property.

In rebuttal closing, the prosecutor stated: Defense counsel used the term "forever." To keep the truck forever. You know, forever is a pretty long time. Pretty long time, and that's not the standard here. Rather, [he] simply did not intend on himself returning the vehicle. Obviously, that....

[t]he only thing I have to prove to you is not that forever [the victim] would be deprived of this truck. [He] got his property back from the police [and] an alert citizen. Then, the person wouldn't be guilty, right, because that [victim] had gotten their belongings back. Whether it was a stereo from their home, or in this case a car. [The victim] got that property back, but through no actions, no actions of the defendant....

As the supreme court held in *Hucal v. People,* 176 Colo. 529, 534–35, 493 P.2d 23, 26 (1971):

Theft does not require permanent deprivation of property; once the wrongful appropriation occurs, the statute requires co-existent *intent* to permanently deprive of use and benefit....

If the rule were that there had to be a permanent deprivation of property before a conviction could be sustained, every time stolen property was recovered and returned to its true owner the thief would have to be acquitted. Such a rule would be inane.

The key issue in the case was defendant's intent when he took the truck. Thus, the prosecutor's comments on the timing of any possible return of the truck were not misstatements of the law. *See Hucal v. People, supra.* Therefore, defendant's contention is rejected.

## III.

Finally, defendant contends that, because second degree aggravated motor vehicle

theft is a lesser included offense of theft, his conviction of the former should merge into his conviction of the latter. We do not agree.

■ If proof of the facts establishing the statutory elements of the greater offense necessarily establishes all of the elements of the lesser offense, the lesser offense is included in the greater. *People v. Leske,* 957 P.2d 1030 (Colo.1998).

Section § 18–4–401, C.R.S.2001, defines the offense of class 4 felony theft. It provides:

(1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and:

(a) Intends to deprive the other person permanently of the use or benefit of the thing of value....

(2) Theft is: ...

(c) A class 4 felony if the value of the thing involved is five hundred dollars or more but less than fifteen thousand dollars....

The elements of second degree aggravated motor vehicle theft, a class 2 misdemeanor, in violation of § 18–4–409(4), C.R.S.2001, are:

A person commits aggravated motor vehicle theft in the second degree if he or she knowingly obtains or exercises control over the motor vehicle of another without authorization or by threat or deception.... Aggravated motor vehicle theft in the second degree is a:

. . .

(c) Class 2 misdemeanor if the value of the motor vehicle ... is less than five hundred dollars.

One of the elements of felony theft is that the actor have the intent to permanently deprive the victim of the use or benefit of a thing of value, but misdemeanor second degree aggravated motor vehicle theft contains no such element. Also, second degree aggravated motor vehicle theft requires that the thing taken be a motor vehicle, while the theft statute does not.

■ Consequently, second degree aggravated motor vehicle theft is not a lesser

included offense of theft, and defendant's conviction of the former should not merge into his conviction of the latter.

The judgment is affirmed.

Judge ROTHENBERG and Judge KAPELKE concur.