William MEADS, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 02SC590.

Supreme Court of Colorado, En Banc.

Oct. 14, 2003.

Rehearing Denied Nov. 3, 2003.*

---

* Chief Justice MULLARKEY, Justice MARTINEZ and Justice BENDER would grant the Petition.

David S. Kaplan, Colorado State Public Defender, Tracy C. Renner, Deputy State Public Defender, Denver, Colorado, Attorneys for Petitioner.

Ken Salazar, Attorney General, Paul Koehler, Assistant Attorney General, Appellate Division, Criminal Justice Section, Denver, Colorado, Attorneys for Respondent.

Justice KOURLIS delivered the Opinion of the Court.

## I. Introduction

In this case, we address the issue of whether second degree aggravated motor vehicle theft [1] is a lesser-included offense of felony theft.[2] Following a jury trial, Defendant William L. Meads was convicted of both offenses. In *People v. Meads*, 58 P.3d 1137 (Colo.App.2002), the court of appeals affirmed both convictions, concluding that second degree aggravated motor vehicle theft was not a lesser-included offense of theft. *Id.* at 1139–1140.

We affirm the court of appeals' decision that second degree aggravated motor vehicle theft is not a lesser-included offense of theft. Applying the "strict elements test" to the

---

**1.** *See* § 18–4–409(4), 6 C.R.S. (2002).

**2.** *See* § 18–4–401(1)(a), 6 C.R.S. (2002).

relevant statutes in this case, we conclude that the statutory elements of the greater offense, theft, do not necessarily include all the statutory elements of the lesser offense, second degree aggravated motor vehicle theft. Accordingly, one is not a lesser-included offense of the other and the defendant could suffer convictions for both offenses.

## II. Facts and Procedural History

William Meads, the Petitioner, stood trial for the theft of a truck belonging to a family friend. The prosecution charged Meads with felony theft, a violation of section 18–4–401(1)(a). Through counsel, Meads requested the court to instruct the jury on the offense of second degree aggravated motor vehicle theft, a misdemeanor violation of section 18–4–409(4). Meads asserted that the latter charge was a lesser-included offense of theft. The trial court agreed to give the jury the instruction but categorized second degree aggravated motor vehicle theft as a lesser non-included offense of theft. As a result, the jury had the option of convicting Meads of both offenses, and ultimately did find him guilty of both felony theft and second degree aggravated motor vehicle theft.

The trial court sentenced Meads to four years in the custody of the Department of Corrections for the felony theft conviction. Additionally, the trial court sentenced him to one year in jail for the second degree aggravated motor vehicle theft conviction, and ordered that both sentences should run concurrently.[3] Thus, the harm Meads argues he has suffered is the imposition of both a misdemeanor conviction and a felony conviction. He does not argue that he is suffering a longer sentence as a result of the two convictions.

Meads appealed his convictions to the court of appeals, asserting that second degree aggravated motor vehicle theft is a lesser-included offense of theft. As a result, Meads argued, he could not be convicted of

two offenses that arose out of the same criminal episode. The court of appeals rejected Meads' argument and held that second degree aggravated motor vehicle theft is not a lesser-included offense of theft. *Meads*, 58 P.3d at 1139–1140.

In its analysis, the court of appeals compared the statutory elements of theft and second degree aggravated motor vehicle theft. The court noted two main differences between the two offenses. *Id.* at 1139. First, felony theft requires that the actor have the intent to permanently deprive the victim of the use or benefit of a thing of value. This mens rea requirement is not an element of second degree aggravated motor vehicle theft. Second, aggravated motor vehicle theft requires that the thing taken be a motor vehicle. Conversely, felony theft only requires that the thing taken be anything of value.

After comparing the two statutes, the court of appeals relied on *People v. Leske*, 957 P.2d 1030 (Colo.1998) and concluded that second degree aggravated motor vehicle theft is not a lesser-included offense of felony theft. *Meads*, 58 P.3d at 1139–1140. In *Leske*, we held that under the strict elements test, "if proof of the facts establishing the statutory elements of the greater offense necessarily establishes all of the elements of the lesser offense, the lesser offense is included for the purposes of section 18–1–408(5)(a)." *Leske*, 957 P.2d at 1036.[4] We went on to clarify that "[i]f, however, each offense necessarily requires proof of at least one additional fact which the other does not, the strict elements test is not satisfied and a presumption arises that convictions for both offenses is consistent with legislative intent." *Id.* (citing *People v. Henderson*, 810 P.2d 1058, 1063 (Colo.1991)).

## III. Analysis

The crux of what we are asked to determine in this case is quite simple: what pun-

---

3. *See* § 18–1–408(3), 6 C.R.S. (2002).

4. Section 18–1–408(1) expressly provides that, "[w]hen any conduct of a defendant establishes the commission of more than one offense, the defendant may be prosecuted for each such offense." Section 18–1–408(5)(a) states that "[a]

defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when [i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged."

ishment has the legislature prescribed for a particular criminal act? More specifically, when a person is convicted of stealing a truck in Colorado, can he be charged with and convicted of two separate crimes arising out of that incident? In our view, the court of appeals correctly applied the strict elements test formally adopted in *People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974). Therefore, the court of appeals did not err in concluding that second degree motor vehicle theft is not a lesser-included offense of felony theft, and that, therefore, Meads could suffer convictions for both offenses arising out of the same incident.

### A. Background

██ Under the Double Jeopardy Clauses of both the United States and Colorado Constitutions, the state may not punish a person twice for the same offense. *Patton v. People*, 35 P.3d 124, 128–129 (Colo.2001)(citing U.S. Const. amend. V; Colo. Const. art. II, § 18). This protection specifically includes the guarantee that the accused will not be subject to multiple punishments imposed in the same criminal prosecution for statutory offenses proscribing the same conduct. *Id.* at 129.

██ Ordinarily, the legislature does not intend to punish the same offense under two different statutes. *See Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983)(quoting *Whalen v. United States*, 445 U.S. 684, 691–692, 100 S.Ct. 1432, 1437–1438, 63 L.Ed.2d 715 (1980)); *see also People v. Haymaker*, 716 P.2d 110, 116 (Colo. 1986). That is not to say, however, that the legislature may not choose to do so. Rather, upon a clear showing of legislative intent, the General Assembly is free to authorize multiple punishments based upon the same criminal conduct without offending the Double Jeopardy Clause. *Patton*, 35 P.3d at 129; *Leske*, 957 P.2d at 1035; *Boulies v. People*, 770 P.2d 1274, 1278–1279 (Colo.1989). However, in the absence of express legislative authorization, the court must ascertain whether the offenses are sufficiently distin-

guishable to permit the imposition of multiple punishments. *Patton*, 35 P.3d at 129.

Thus, in order to answer the question of what punishment the legislature intended for an actor who steals a truck in Colorado, we engage in a two-part inquiry. *See id.* First, did the General Assembly clearly authorize separate punishments for stealing both "anything of value", as required by the felony theft statute, *and* a "motor vehicle", as required by the second degree aggravated motor vehicle theft statute, *or* was only one punishment contemplated? Second, if no such express authorization is evident in the legislation, are these offenses otherwise sufficiently distinguishable to permit multiple punishments? *Id.*

### B. Legislative Intent

██ Where the same conduct violates two statutory provisions, we must determine whether the legislature intended that each violation be a separate offense. *Patton*, 35 P.3d at 129 (citing *Garrett v. United States*, 471 U.S. 773, 778, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985)). If the legislative intent to create separate offenses is clear from the face of the statute or the legislative history, our inquiry ends. *Id.*

██ Our General Assembly has expressly provided that, "[w]hen any conduct of a defendant establishes the commission of more than one offense, the defendant may be prosecuted for each such offense." *Leske*, 957 P.2d at 1035 (citing § 18–1–408(1)). This language clearly authorizes a prosecutor to charge a defendant with the violation of two or more statutes arising out of the same conduct. However, this general expression of intent to allow multiple charges for a single act is subject to statutory limitations. Specifically, a defendant may not be convicted of multiple offenses arising out of the same conduct if one offense is a lesser-included offense of the other offense, as defined by section 18–1–408(5)(a).[5] In this context, in order to determine whether one offense is a

---

**5.** Subsection (5)(a) of section 18–1–408 defines a lesser-included offense as an offense "established by proof of the same or less than all the facts required to establish the commission of the offense charged."

lesser-included offense of another, this court applies the strict elements test.

## C. Strict Elements Test

 In determining whether one offense is within the lesser-included category, this court has construed section 18–1–408(5)(a) to require a comparison of the statutory elements of each offense. *Patton,* 35 P.3d at 130. Under the strict elements test, also known as the "statutory elements test" or *"Blockburger* test," if proof of facts establishing the statutory elements of the greater offense necessarily establishes all of the elements of the lesser offense, the lesser offense is included for purposes of section 18–1–408(5)(a). *Leske,* 957 P.2d at 1036. However, if each offense necessarily requires proof of at least one additional fact which the other does not, the strict elements test is not satisfied and a presumption arises that a defendant can be convicted of both offenses. *Id.* Here, establishing the elements of theft, the greater offense in this case, does not necessarily establish all of the elements of aggravated motor vehicle theft, the lesser offense. Therefore, our case law would presume that convictions could enter on both offenses.

The strict elements test is only one of a number of tests used by courts in the United States to define a lesser-included offense. *See generally State v. Jeffries,* 430 N.W.2d 728, 730–732 (Iowa 1988) (survey of various approaches used in the United States to define lesser-included offenses); *see also State v. Meadors,* 121 N.M. 38, 908 P.2d 731, 735 (1995) (same); Patrick D. Pflaum, Comment, *Justice is Not All or Nothing: Preserving the Integrity of Criminal Trials Through the Statutory Abolition of the All–Or–Nothing Doctrine,* 73 U.Colo.L.Rev. 289, 295–298 (2002) (other tests include the "Pleadings" approach which examines the actual charges brought by the prosecution; the "Evidence" approach in which courts consider the evidence presented at trial to see if evidence supports any lesser-included offense charges; and the "Cognate" approach which identifies lesser-related, as opposed to lesser-included, offenses that have several elements in common with the greater-related offense but may have one or two elements not essential to the greater crime.). Regardless of the positive or negative attributes of each approach,[6] this court has adopted the strict elements test as the means of determining whether one crime is the lesser-included offense of another crime. Thus, until a decision to abandon this test for a new approach is made, we must apply the strict elements test as it stands.

This court formally adopted the strict elements test in *Rivera,* 525 P.2d at 433–434. In *Rivera,* this court recognized that the problem of determining what is a lesser-included offense under Colorado law had received "varied treatment." *Id.* at 433. In choosing the strict elements test among other competing tests, this court pointed to several attributes that favored the adoption of the statutory approach. Specifically, this court highlighted the ease with which the test is applied, the uniform nature of its application and a defendant's right to notice of the possible charges against him or her. *Id.* at 433–434. As a result, for almost thirty years we have applied the statutory test set out in *Rivera,* which mandates that the greater offense must establish every essential element of the lesser offense. *Id.* at 433 (citing *Daniels v. People,* 159 Colo. 190, 411 P.2d 316 (1966)).

 Applying the strict elements test involves nothing more than placing the relevant statutes next to each other, comparing the language, and determining how closely they match. If the greater offense includes all of the elements of the lesser offense plus one or more additional elements, it is fair to say that the lesser offense is included within the greater offense. Conversely, if a comparison of the two statutes reveals that the lesser offense has substantively different elements than the greater offense, the lesser offense is not included in the greater offense and a defendant may be convicted of both. This analysis parallels the analysis used in *Rivera.*

---

6. There is even an argument that our legislature anticipates a different test. *See* § 18–1–408(5)(a) (referring to "proof of the same or less than all the facts").

In *Rivera*, this court concluded, after applying the strict elements test, that assault with a deadly weapon was not a lesser-included offense of assault with the intent to commit murder. *Id.* at 434. This court reasoned, after comparing the two relevant statutes, that assault with the intent to commit murder did not have the use of a deadly weapon as an essential element. *Id.* Thus, this court concluded that assault with intent to commit murder did not establish all the essential elements of the lesser crime, assault with a deadly weapon, and could not be considered a lesser-included offense. *Id.*

Similarly, applying the strict elements test to the relevant statutes in this case, the offense of felony theft does not *necessarily* include all of the essential elements of aggravated motor vehicle theft.[7] The latter is committed only by obtaining or exercising control over a motor vehicle, while the former can be committed by obtaining or exercising control over any number of things that are not motor vehicles. Stated differently, proof that a defendant obtained or exercised control over "anything of value" does not *necessarily* establish that a defendant obtained or exercised control over a "motor vehicle." That conclusion could only be supported by viewing either the pleadings or the evidence adduced at trial; an inquiry outside the purview of the strict elements test. Thus, although the offense of aggravated motor vehicle theft may be established by the facts establishing felony theft in a particular case, it is not necessarily established by proof of the same or less than all of the statutory elements of felony theft.

A portion of our precedent on this issue has arisen in the felony murder context. Those cases are not apposite because of the necessarily parasitic relationship between the felony murder offense and the underlying offense on which it is predicated. In other words, a defendant cannot be convicted of felony murder unless he is guilty of an underlying qualifying offense.

▓ Felony murder is a homicide that occurs during the commission of one of a number of different felonies, including arson, rape, and robbery. We have held that a particular predicate felony is a lesser-included offense of felony-murder premised upon commission of that felony. In doing so, we have made clear that by defining the offense in terms of a series of potential predicate felonies, the legislature intended to prescribe the "unit of prosecution" to which the strict elements test must be applied. *See Boulies,* 770 P.2d 1274; *see also People v. Bartowsheski,* 661 P.2d 235 (Colo.1983). For purposes of the strict elements test then, the statutory elements of felony-murder are therefore limited to a homicide predicated upon the commission of a particular underlying felony, just as if each were proscribed in a different statutory provision. *Cf. Whalen,* 445 U.S. at 694, 100 S.Ct. 1432 ("There would be no question in this regard if Congress, instead of listing the six lesser included offenses in the alternative, had separately proscribed the six different species of felony murder under six statutory provisions.").

In *Bartowsheski,* 661 P.2d at 245, this court analyzed whether a defendant could be simultaneously convicted of both felony murder and the predicate felony of robbery without violating the statutory provisions of section 18–1–408. We concluded that because proof of the greater offense "based upon the causation of the robbery victim's death, either in the course of or in furtherance of the crime of robbery or in the course of immediate flight therefrom," necessarily included proof of the very same elements essential to the lesser offense, robbery, a conviction on both offenses could not stand. *Id.* at 245–246. Thus, in *Bartowsheski* the court compared the proof of elements required in each statute, and thereby determined that robbery was a lesser-included offense of felony murder predicated upon robbery. We note that this analysis effectuated the goals articulated in *Rivera*—efficiency, uniformity, and notice to defendants.

In *Boulies,* 770 P.2d at 1278–1279, the court relied more expressly on the unit of prosecution theory, reasoning that the rob-

---

7. We note that in *People v. Westrum,* 624 P.2d 1302, 1304 (Colo.1981), this court, engaging in an equal protection analysis, recognized a "crucial difference" between the same two statutes at issue in this case.

bery offense was the predicate for the felony murder conviction and, thus, was the "same offense" for purposes of double jeopardy. The court in that case looked to unit of prosecution actually charged to compare the two offenses, rather than to the elements of the entire felony murder statute. This approach cannot guide our analysis in this case, because in contrast to the felony murder statutes—here the legislature chose not to define felony theft in terms of separate units of prosecution.

 The legislature has, however, not left the defendant without protection against multiple punishments for the same conduct. Even where two offenses are not related as greater and lesser included offenses within the meaning of the strict elements test, convictions for committing two offenses cannot result in consecutive sentences if the convictions are based on the same act or series of acts arising from the same criminal episode and they are supported by identical evidence. § 18-1-408(3). Although the defendant incurred judgments of conviction both for theft and for aggravated motor vehicle theft of the same truck in this case, his sentences resulting from those convictions were properly concurrent sentences.

## IV. Conclusion

In our view, applying the strict elements test to the relevant statutes in this case leads to the conclusion that second degree aggravated motor vehicle theft is not a lesser-included offense of felony theft. Accordingly, we affirm the court of appeals and uphold the imposition of two convictions by the trial court.

Justice MARTINEZ dissents, and Chief Justice MULLARKEY and Justice BENDER join in the dissent.

Justice MARTINEZ dissenting:

The court of appeals based its decision that second degree aggravated motor vehicle theft was not a lesser-included offense of theft on two distinctions between the offenses. First, the court of appeals decided that because theft requires that the actor have the intent to permanently deprive, whereas second degree aggravated motor vehicle theft does not include that element, therefore second degree aggravated motor vehicle theft is not a lesser-included offense of theft. Second, the court of appeals held that because second degree aggravated motor vehicle theft requires that the thing taken be a motor vehicle, while theft requires that the thing taken be anything of value, that second degree aggravated motor vehicle theft is not a lesser-included offense of theft. The majority agrees with the court of appeals on the second point and does not address the first. I disagree with both of the court of appeals arguments.

First, second degree aggravated motor vehicle theft need not contain all of the elements of theft to be a lesser-included offense. While proof of the elements of theft must necessarily include all of the elements of second degree aggravated motor vehicle theft for second degree aggravated motor vehicle theft to be a lesser-included offense of theft, the converse is not true. Therefore, the fact that theft requires the additional element of "intent to permanently deprive" does not prevent second degree aggravated motor vehicle theft from being a lesser-included offense of theft.

Second, the element, "anything of value," necessarily includes a motor vehicle. A motor vehicle is a thing of value under the statute. Thus, the difference between the statutory elements does not compel the conclusion that second degree aggravated motor vehicle theft is not a lesser-included offense of theft. To the contrary, it illustrates the lesser-greater relationship between the two offenses.

Because I would find that second degree aggravated motor vehicle theft is a lesser-included offense of theft, I respectfully dissent.

### Introduction: The Strict Elements Test

Before I commence an analysis of the case at hand, I review the test under which statutes are compared to determine whether a lesser-included relationship exists. Under a strict elements test, a court should compare the statutory elements of the offenses. *Peo-*

*ple v. Leske,* 957 P.2d 1030, 1036 (Colo.1998). When applying a strict elements test, courts should not examine the facts or evidence of the individual case, but should limit their comparison to the language of the statutory elements of the two offenses. *Id.; Armintrout v. People,* 864 P.2d 576, 579 (Colo.1993).

Meads was charged with theft, a violation of section 18–4–401(1)(a), 6 C.R.S. (2002), and the jury was instructed accordingly. The district court also instructed the jury of the offense of second degree aggravated motor vehicle theft, a violation of section 18–4–409(4), 6 C.R.S. (2002), as a lesser-nonincluded offense. Because a strict elements test involves, as its name suggests, a comparison of the statutory elements, and not a comparison of the facts in any particular case, this court need look no further than the offenses charged.

Theft, a violation of section 18–4–401(1)(a), requires that the following elements be met:

(1) that the defendant, in the state of Colorado, at or about the date and place charged,

(2) knowingly

 a. obtained or exercised control over

 b. *anything of value*

 c. which was the property of another person,

 d. without authorization or by threat or deception, and

(3) *with intent to permanently deprive* the other person of the use or benefit of the thing of value.

Second degree aggravated motor vehicle theft, a violation of section 18–4–409(4), requires:

(1) that the defendant, in the state of Colorado, at or about the date and place charged,

(2) knowingly,

(3) obtained or exercised control *over a motor vehicle,*

(4) belonging to another person,

(5) without authorization or by threat or deception.

Comparing the statutory elements of theft and second degree aggravated motor vehicle theft reveals two distinctions. Specifically,

theft requires: (1) the added mens rea of intent to permanently deprive, while second degree aggravated motor vehicle theft has no such requirement; and (2) that the object taken be anything of value, whereas second degree aggravated motor vehicle theft requires that the object taken be a motor vehicle.

The court of appeals relied on both of these differences, whereas the majority relies only on the latter, to find that second degree aggravated motor vehicle theft is not a lesser-included offense of theft. I do not find that either of these distinctions forecloses the possibility of a lesser-included relationship. To the contrary, the differences in the statutes merely illustrate the nature of a lesser-included relationship.

### I. Theft's Additional Element—"Intent to Permanently Deprive"

The People make the argument that second degree aggravated motor vehicle theft is not a lesser-included offense of theft because theft requires an additional element, the intent to permanently deprive, that is not required by second degree aggravated motor vehicle theft. The majority did not address this argument and merely seems to assume, albeit correctly, that a greater offense may have additional elements not included in the lesser offense. Nonetheless, because the court of appeals relied separately on this argument, I write to clarify the misunderstanding which I believe is a result of statements made in this court's opinion, *People v. Leske,* 957 P.2d 1030 (Colo.1998).

The confusion in the People's and the court of appeals' arguments stems from the following language:

If, however, each offense necessarily requires proof of at least one additional fact which the other does not, the strict elements test is not satisfied and a presumption arises that both convictions for both offenses is consistent with legislative intent.

*Leske,* 957 P.2d at 1036 (citations omitted). The People cite to this language to support the proposition that for an offense to be a lesser-included of a greater offense, its stat-

utory elements would need to be identical to those required by the greater offense. However, that language refers to the strict elements test employed under a double jeopardy analysis to determine whether two offenses punish identical conduct; it does not refer to the strict elements test employed under a double jeopardy analysis to determine whether an offense is a lesser-included offense of another offense.

I believe that this confusion exists because a strict elements test is used to determine three kinds of violations: First, whether double jeopardy prohibits punishment for multiple offenses because the statutes punish identical conduct, see, e.g., Boulies v. People, 770 P.2d 1274, 1278 (Colo.1989); second, whether double jeopardy disallows multiple convictions because one offense is a lesser-included of the other, see e.g., id.; and third, whether an equal protection violation arises because a defendant could be punished differently under multiple statutes for identical conduct, see, e.g., People v. Westrum, 624 P.2d 1302 (Colo.1981). Thus, because the same type of test is used for different purposes, the language associated with that test does not always apply to a particular case.

In this case, the People have misinterpreted the lesser-included offense analysis outlined in Leske by incorporating into it the analysis for identifying whether statutes violate double jeopardy because they punish identical conduct. In Leske, this court was faced with both the question of whether an offense was a lesser-included offense and whether the offenses were identical. However, the inquiry in this case is not whether the statutes are identical for purposes of either a double jeopardy or an equal protection analysis; rather, the sole issue is whether a lesser-included relationship exists, and thus whether the defendant may be properly punished under both statutes.

To argue that a lesser-included offense relationship exists only when neither offense contains an additional statutory element not required by the other is tantamount to saying that an offense is a lesser-included offense only if its elements are identical to those of the greater offense. The nature of the relationship between lesser-included and greater offenses is not that of identical offenses. To the contrary, it is that greater offenses possess all of the elements of lesser-included offenses plus at least one additional element or part of an element.

Because lesser-included offenses need not contain all of the elements of the greater, and because the additional mens rea element is included only in the greater offense, it does not pose an obstacle to a lesser-greater relationship. Consequently, I disagree with the court of appeals that this distinction between the offenses prevents second degree aggravated motor vehicle theft from being a lesser-included offense of theft.

## II. A Motor Vehicle is a Thing of Value

The element, taking a "motor vehicle," contained in the second degree aggravated motor theft statute clearly falls within the theft element, taking "anything of value." The majority does not seem to disagree with this proposition outright, but argues that while the evidence used to prove the elements of theft may establish the elements of second degree aggravated motor vehicle theft in a given case, the evidence used to prove the elements of theft will not necessarily establish the elements of second degree aggravated motor vehicle theft in all cases. This point is not persuasive. It is not the nature of lesser-included relationships that the evidence used to prove the elements of the greater offense in a particular case will necessarily establish the elements of every possible lesser-included offense. For example, proof that a wallet was taken does not establish the element of taking a motor vehicle. However, the strict elements test dictates that courts compare only the statutory elements of the offenses in question, and not examine the actual proof in a particular case. Leske, 957 P.2d at 1036.

The majority decides that theft does not include the offense of aggravated motor vehicle theft because theft can be committed by taking "anything of value," whereas second degree aggravated motor vehicle theft re-

quires the taking of a "motor vehicle."[1] While the majority is correct in noting that under the theft statute the object taken can be "anything of value" whereas under the second degree aggravated motor vehicle theft the object taken must be a motor vehicle, this distinction does not prevent second degree aggravated motor vehicle theft from being a lesser-included offense of theft. Rather, the pertinent inquiry is whether the statutory element of taking "a motor vehicle" is included within the statutory element of taking "anything of value."

Under theft, the statutory element defining the item taken as "anything of value" is very broad in that it does not specify a particular item. The theft statute alternates use of "thing of value" and "anything of value." § 18–4–401(1)(a). Within the definition section for title 18, "thing of value" includes real property, tangible and intangible, personal property, contract rights, choses in action, services, confidential information, medical records information, and any rights of use or enjoyment connected therewith. § 18–1–901(3)(r), 6 C.R.S. (2002). A motor vehicle is tangible personal property and therefore, a thing of value.

The fact that a defendant may be charged with theft of something other than a motor vehicle only becomes important when determining whether to give the lesser-included offense instruction to the jury. A defendant is not entitled to a lesser-included offense instruction just because second degree aggravated motor vehicle theft is a lesser-included offense of theft. Rather, a defendant is entitled to an instruction on a lesser-included offense only if there is some evidence tending to establish the lesser-included offense and there is a rational basis upon which the jury may acquit the defendant of the greater offense but convict him or her of the lesser. *People v. Naranjo*, 200 Colo. 1, 6, 612 P.2d 1099, 1102 (1980). Therefore, in a case where the defendant is charged with theft of something other than a motor vehicle, the defendant would not be entitled to an instruction on the lesser-included offense of second degree motor vehicle theft because

the evidence, that something other than a motor vehicle was taken, would not support a motor vehicle theft instruction.

Here, the issue is not whether the lesser-included offense instruction should have been given under the facts of this case, but whether second degree aggravated motor vehicle theft is a lesser-included offense of theft. Thus, this court is determining whether the statutory element of obtaining or exercising control over a motor vehicle, as required by the statute for second degree aggravated motor vehicle theft, is necessarily included within the statutory element of obtaining and exercising control over anything of value, without regard to the facts of the case. Because the category of "anything of value" includes everything of value, and because a motor vehicle is a thing of value, I would find that the statutory element "a motor vehicle" is included within the category of "anything of value." Accordingly, the element of obtaining or exercising control over a motor vehicle is included within the element of obtaining or exercising control over anything of value.

The fact that "anything of value" also entails any number of other things besides motor vehicles is not significant here; greater offenses may encompass elements or parts of elements not required by the lesser-included offense if all of the elements of the lesser-included offense are necessarily included within the elements of the greater offense. Thus, I disagree with the majority that merely because theft may include objects other than motor vehicles, second degree aggravated motor vehicle theft may not be a lesser-included offense of theft.

### Conclusion

First, the fact that theft contains the "intent to permanently deprive," an element not present in second degree aggravated motor vehicle theft, does not prevent second degree aggravated motor vehicle theft from being a lesser-included offense of theft. Second, the proper application of the strict elements test results in the conclusion that the taking a "motor vehicle" element of second degree

---

1. The majority discusses felony murder at length. However, as the majority ultimately recognizes, the felony murder analysis is not pertinent to the issues before us.

aggravated motor vehicle theft is wholly included within the taking "anything of value" element of theft. Thus, I conclude second degree aggravated motor vehicle theft is a lesser-included offense of theft and I would reverse the court of appeals. Accordingly, I respectfully dissent.

I am authorized to say that Chief Justice MULLARKEY and Justice BENDER join in this dissent.