23CA2242 18th & Market v Johnson Nathan 11-21-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA2242
City and County of Denver District Court No. 22CV31507
Honorable Jill D. Dorancy, Judge

18th and Market, LLC, a Delaware limited liability company,

Plaintiff-Appellant,

v.

Johnson Nathan Strohe, P.C., a Colorado corporation,

Defendant-Appellee.

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE DUNN
Navarro and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 21, 2024

Fox Rothschild LLP, Patrick J. Casey, Spencer L. Sears, Risa B. Brown, Denver, Colorado, for Plaintiff-Appellant

Cardi & Schulte, LLC, Timothy M. Schulte, Daniel V. Woodward, Greenwood Village, Colorado, for Defendant-Appellee

¶ 1     In this design defect action, plaintiff, 18th and Market, LLC (Owner), appeals the trial court's judgment entered on jury verdicts in favor of defendant, Johnson Nathan Strohe, P.C. (JNS).  We affirm and remand to the trial court to determine and award JNS its reasonable appellate attorney fees and costs.

## I.     Background

¶ 2     This action involves the design and construction of an apartment building (the Project).  Owner hired JNS to provide various design and engineering services related to the Project's construction.  In turn, JNS hired subconsultants to work on the Project.  During construction, groundwater flooded the Project's underground parking garage, resulting in delay and repair costs.

¶ 3     As relevant, Owner brought claims against JNS for professional negligence, negligence per se, and breach of contract, alleging that JNS failed to design a parking garage that could withstand hydrostatic pressure from the groundwater and failed to provide personnel with sufficient experience to complete the

Project.[1]  After a ten-day trial, the jury returned a defense verdict on Owner's claims.  This appeal concerns only the breach of contract claim.

## II.   The Breach of Contract Jury Instruction

¶ 4     Before trial, the parties submitted proposed jury instructions.  Some instructions they agreed on.  For instance, the parties stipulated to instructing the jury that "[a] breach of contract is the failure to perform a contractual promise when performance is due," and they agreed on the definition of substantial performance.

¶ 5     But they differed on other instructions, including the elemental instruction for breach of contract.  Owner proposed instructing the jury as follows:

> 1. [JNS] entered into a contract with [Owner] to provide services for the Project;
>
> 2. [JNS] failed to properly perform one or more of the following services:
>
>> a. furnishing architectural services and usual and customary structural engineering, mechanical electrical and

---

[1] Owner also asserted a negligent misrepresentation claim against JNS and brought claims against various subcontractors.  Owner later dismissed the negligent misrepresentation claim and settled with the subcontractors before trial.

plumbing engineering design necessary for the proper design of the Project;

b. causing its consultants to perform their services in accordance with their applicable standard of care;

c. consistent with its standard of care, providing accurate and coordinated drawings and design documents relating to JNS's design and used on the Project regardless of whether such drawing[s] and documents were prepared or performed by JNS, or by JNS's consultant, including, without limitation, the drawings and specifications prepared by the structural engineer, mechanical electrical and plumbing engineering;

d. consistent with its standard of care, coordinating and internally checking all of its consultants' drawings for accuracy as if each drawing were prepared by JNS;

e. consistent with its standard of care, being responsible for the completeness and accuracy of all drawings and specifications submitted by or through JNS and for their compliance with the prevailing interpretation of all applicable code ordinance, regulation, law and statute;

f. consistent with its standard of care, coordinating JNS's services with those services provided by the [Owner] and the [Owner's] consultants so that the improvements and systems designed by such engineers fit into JNS's design;

g. possessing sufficient experience to complete the services required under the contract; or

h. holding [Owner] harmless from and against all losses, damages, and costs and expenses incurred or suffered by [Owner] arising out of, resulting from or related to negligent acts, errors and omission[s] for which JNS is responsible and any loss of value to the Project attributable to matters for which JNS is so responsible.  Matters for which JNS is responsible include (i) negligent acts, errors and omissions of JNS or its subcontractors, and (ii) any errors and omissions in designs or specifications provided by JNS or any failure of designs or specifications provided by JNS to meet the standard of care.

If you find that either of these 2 statements has not been proved, then your verdict must be for [JNS].

On the other hand, if you find that both these 2 statements have been proved, then your verdict must be for [Owner].[2]

¶ 6    During trial, the parties and the trial court had a series of off-the-record jury instruction conferences.  At one of these conferences, the trial court apparently rejected Owner's proposed elemental instruction, though we don't know why.

---

[2] Though Owner's proposed paragraph two in some instances tracks the parties' contract, it doesn't do so entirely.

4

¶ 7    Later, at the recorded jury instruction conference, the court instructed the parties to file any tendered but rejected instructions and provided the parties with the court's proposed set of instructions.  Material to this discussion, the court's elemental instruction for the breach of contract claim stated:

> For [Owner] to recover from [JNS], on [Owner's] claim of breach of contract, you must find both of the following have been proved by a preponderance of the evidence:
>
> 1. [JNS] entered into a contract with [Owner] for [JNS] to provide services for the Project;
>
> 2. [JNS] failed to provide its consulting services, including its subconsultants, consistent with their standard of care and failed to provide architects with sufficient experience to complete the services required by the contract.
>
> 3. [Owner] substantially performed its part of the contract.
>
> If you find that any of these 3 statements has not been proved, then your verdict must be for [JNS].

¶ 8    The court then gave the parties the opportunity to object to the proposed instructions.  As to the proposed breach of contract instruction, Owner didn't object to any of the court's specific

proposed language. Instead, Owner again asked the court to use its proposed instruction:

> Your Honor, going to Instruction 30:10,[3] breach of contract, we would ask that the court consider using [Owner's] tendered instruction because it tracks the stock instruction. The . . . stock instruction notes on use also states that this instruction should be modified as appropriate to reflect the positions of plaintiff, counter plaintiff, defendant and counter defendant in the case.
>
> [Owner's] tendered instruction reflects our position and allegations made in the case. Note that indemnification provision is not limited to third parties. Note that the Court --
>
> Our concern with the discussions as to the Court's view, [JNS] failed to provide consulting services, including services of subconsultants, consistent with their standard of care of architects, and that we don't believe is appropriate. It would be better to just list out the actual contract provisions that the jury has seen on multiple occasions through multiple witnesses. It's just easier to track, and would follow [the] notes on use . . . .

¶ 9    For different reasons, JNS also objected to the court's proposed breach of contract elemental instruction.

---

[3] Instruction 30:10 refers to the pattern civil jury instruction for breach of contract. *See* CJI-Civ. 30:10 (2024).

¶ 10    The court made some edits to its elemental instruction for breach of contract that aren't relevant here, but it declined to change paragraph two of the elemental instruction. Throughout the conference, the court gave the parties opportunities to comment on its proposed set of instructions.

¶ 11    The court later gave the jury its edited proposed elemental instruction, including paragraph two. At the close of evidence, the jury found that JNS didn't breach the contract.

¶ 12    Owner now contends the trial court reversibly erred by (1) instructing the jury in a manner that was not consistent with the parties' contract and (2) rejecting its proposed elemental breach of contract jury instruction. The parties dispute preservation as to the first contention (but agree that the second is preserved). Because we generally do not consider unpreserved arguments in civil cases, *see Antero Treatment LLC v. Veolia Water Techs., Inc.*, 2023 CO 59, ¶ 30, we start with preservation.

A.    The Court's Final Instruction — Preservation

¶ 13    To preserve a claim for appeal, a party must object to a jury instruction before the instructions are given to the jury, and "[o]nly the grounds so specified" in an objection "shall be considered . . .

7

on appeal." C.R.C.P. 51; *accord Day v. Johnson*, 255 P.3d 1064, 1067 (Colo. 2011) ("[O]nly the objected-upon grounds will be considered on appeal."). Though specific language is not required, the purpose of Rule 51 is satisfied when "the objection sufficiently directs the court's attention to the asserted error." *Blueflame Gas, Inc. v. Van Hoose*, 679 P.2d 579, 587 (Colo. 1984). Thus, when a party raises a different objection for the first time on appeal, it is unpreserved, and we will not consider it. *See Day*, 255 P.3d at 1068 (refusing to consider multiple instructional objections on appeal when, among other things, a different objection was raised at trial); *Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1200-01 (Colo. App. 2009) (declining to address instructional challenge because the alleged error was unpreserved).

¶ 14 Owner now argues that the court erred by using an "and" in the final elemental instruction when it should have used an "or." Specifically, Owner takes issue with paragraph two of the final instruction, which states that "[JNS] failed to provide its consulting services, including its subconsultants, consistent with their standard of care *and* failed to provide architects with sufficient experience to complete the services required by the contract."

(Emphasis added.) In its view, either condition alone could support a breach of contract verdict and, as a result, the court's instruction failed to properly track the contract, which confused and misled the jury.

¶ 15    The problem with this argument is that Owner didn't raise it to the trial court. And this is exactly the type of issue that could've been discussed and resolved had Owner alerted the court to the objection. Indeed, that's the point of requiring parties to raise their objections before the instructions go to the jury. *See D.R. Horton, Inc.-Denver v. Bischof & Coffman Constr., LLC*, 217 P.3d 1262, 1268-69 (Colo. App. 2009) (noting that the purpose of the preservation requirement is to allow a trial judge to correct erroneous instructions before they go to the jury); *see also* C.R.C.P. 51.

¶ 16    Insofar as Owner contends that its tendered instruction and general objection to the court's instruction were sufficient to alert the trial court to its specific concern that the court's inclusion of the word "and" didn't accurately track the contract, we disagree. *See D.R. Horton*, 217 P.3d at 1269 ("The fact that a party's tendered instruction is rejected by the trial court does not necessarily mean that the party tendering the rejected instruction objects to the

instruction ultimately given by the court."); *Beeftu v. Creekside Ventures LLC*, 37 P.3d 526, 529 (Colo. App. 2001) (declining to review contested jury instructions because the plaintiff's "general objection" was insufficient to preserve the issue for appellate review).  Because Owner never alerted the court to the specific objection regarding the inclusion of the word "and" in the court's instruction — and it had multiple opportunities to do so — the court had no meaningful opportunity to address the concern.  This objection is therefore unpreserved.

¶ 17    For similar reasons, and assuming it's a separate contention (as opposed to a recast of its first and second contentions), we are unpersuaded that the court's instruction "confused and misled the jury."  Again, nothing in Owner's objection alerted the court to concerns about juror confusion, much less that any such confusion stemmed from the court's decision to reject Owner's proposed instruction or to include the word "and" in its instruction (or both).  And nothing in the record shows the jury was confused.  Though the jury asked questions throughout the trial, including during its deliberations, it never asked the court to clarify the elemental

instruction or otherwise expressed confusion about that instruction.

¶ 18    For these reasons, we conclude that Owner failed to preserve, and therefore waived, its current contentions that the court's final instruction shouldn't have included an "and" or that, by including the "and," the instruction confused and misled the jury. *See Day*, 255 P.3d at 1068.

### B.    The Proposed Instruction

¶ 19    We next consider and reject Owner's preserved contention that the court reversibly erred by rejecting its proposed instruction.

### 1.    Standard of Review

¶ 20    A trial court must instruct the jury correctly on the law applicable to the case. *See id.* at 1067. We review de novo whether a particular jury instruction correctly states the law. *Id.* If the instruction correctly states the law, we review a trial court's decision to give a particular instruction for an abuse of discretion. *Id.* When ruling on a jury instruction, a trial court abuses its discretion "only when the ruling is manifestly arbitrary, unreasonable, or unfair." *Id.*

## 2. The Court Didn't Err by Rejecting Owner's Proposed Instruction

¶ 21    Owner argues that the court erred by refusing its proposed instruction because its instruction "reflected its theory of the case for breach of contract." We disagree for a couple of reasons.

¶ 22    For one, Owner appears to conflate a theory of the case instruction with the note on use to CJI-Civ. 30:10 (2024) that says an elemental breach of contract instruction "should be modified as appropriate to reflect the positions of" the parties. But CJI-Civ. 30:10 — on which both Owner and the court modeled their respective instructions — is the pattern elemental instruction, not a theory of the case instruction. *See People v. Meads*, 58 P.3d 1137, 1138 (Colo. App. 2002) (explaining that a theory of the case instruction "should explain a [party's] view of what the evidence shows, must be general and brief, and must instruct the jury on the legal effect of the explanation"), *aff'd*, 78 P.3d 290 (Colo. 2003); *see also Schuessler v. Wolter*, 2012 COA 86, ¶ 23 (distinguishing a theory of the case instruction that "sets forth a party's *contentions*" from a proposed instruction that "would have set forth the applicable *law*"); *Brown v. People*, 239 P.3d 764, 771 (Colo. 2010)

(Coats, J., concurring in the judgment) (noting that an elemental instruction "is clearly different from" a theory of the case instruction). Owner doesn't point us to any place in the record where it requested a specific theory of the case instruction, though Instruction 1 — which the parties stipulated to — generally set forth both parties' theories of the case. *See Krueger v. Ary*, 205 P.3d 1150, 1157 (Colo. 2009) ("[T]he trial court need not offer the litigant's tendered instructions if the other instructions encompass the litigant's theory."). We are aware of no authority — and Owner refers us to none — that requires a court to include a party's "theory of the case" in an elemental instruction.

¶ 23    And two, the court's elemental instruction for breach of contract tracked the pattern instruction and therefore accurately informed the jury of the governing law. *See* CJI-Civ. 30:10; *see also Wolven v. Velez*, 2024 COA 8, ¶ 43 (concluding that trial court acted within its discretion by tendering an instruction that matched a pattern instruction); *People v. Jackson*, 2018 COA 79, ¶ 64 (explaining instructions that accurately track pattern instructions generally are sufficient), *aff'd on other grounds*, 2020 CO 75. Indeed, Owner doesn't argue that the instruction misstated the

required elements needed to prove breach of contract. Instead, focusing on its "theory of the case," Owner argues the court should have used its specific proposed language to instruct the jury on the claimed breaches.

¶ 24 But when the court's instruction accurately states the law, the court has "broad discretion to determine the form and style" of that instruction. *Day*, 255 P.3d at 1067. And here, based directly on the contract's language, the court instructed the jury that it must find "[JNS] failed to provide its consulting services, including its subconsultants, consistent with their standard of care and failed to provide architects with sufficient experience to complete the services required by the contract" to find JNS breached the contract. Owner doesn't explain — and we don't see — how the instruction doesn't cover all of JNS's (or its subconsultants') promised services or the alleged failure to provide any of the promised services.[4]

¶ 25 But, finally, even if we assume the court's elemental instruction could have been more robust or detailed, we are

---

[4] Again, because it is unpreserved, we don't consider whether the court erred by using "and" in the instruction.

confident that the jury understood what obligations the contract required and exactly what breaches Owner alleged. To this point, the jury had a copy of the contract, the court separately instructed the jury that "[t]he entire agreement with any attachments is to be considered in determining the existence or nature of the contractual duties," and multiple witnesses testified about the contractual obligations. Tying that all together, Owner's counsel thoroughly walked the jury through its breach of contract theory in its opening statement and closing argument, detailing each alleged breach of the consulting contract and the evidence Owner believed supported each breach. Because Owner fully presented its theory of the case to the jury, and considering the instructions collectively, the court's instruction was not manifestly arbitrary, unreasonable, or unfair. *See id.*; *see also Brooktree Vill. Homeowners Ass'n v. Brooktree Vill., LLC*, 2020 COA 165, ¶ 51 (explaining an incorrect instruction may be "cured by the instructions as a whole") (citation omitted); *Nibert v. Geico Cas. Co.*, 2017 COA 23, ¶ 9 (stating that it's "not error" for a court to reject a party's instruction when, among other things, "the court allows the party to otherwise argue its theory of the case"; collecting cases).

15

¶ 26   In sum, we conclude that the court didn't abuse its discretion by rejecting Owner's proposed breach of contract instruction.

## C.   The Indemnification Clause

¶ 27   Owner argues in its reply brief that the court should have instructed the jury on the contract's indemnification language. Though Owner argued in its opening brief that the court should have tendered its proposed breach of contract instruction — which included the contract's indemnification language as one of eight contractual promises that JNS allegedly breached — it didn't separately argue that the court erred by not instructing the jury on indemnification.  Because Owner didn't develop this contention with argument and legal authority until its reply brief, we decline to consider it as a stand-alone contention.  *See State ex rel. Weiser v. City of Aurora*, 2023 COA 52, ¶ 38 n.1.

## III.   Appellate Attorney Fees and Costs

¶ 28   The parties agree that the contract entitles the prevailing party in this appeal to its reasonable attorney fees and costs.  Because JNS prevailed in this appeal, we remand to the trial court to determine and award JNS its reasonable appellate attorney fees and costs.  *See* C.A.R. 39.1.

## IV. Disposition

¶ 29     We affirm the judgment and remand the case to the trial court to determine and award JNS its reasonable appellate attorney fees and costs.

JUDGE NAVARRO and JUDGE GOMEZ concur.