COLORADO COURT OF APPEALS
 2015 COA 176
 
 

Court of Appeals No. 13CA1964
Jefferson County District Court No. 11CR3412
Honorable Dennis J. Hall, Judge
Honorable Randall C. Arp, Judge

The People of the State of Colorado,
Plaintiff-Appellee,
v.
Bryan Matthew Giem,
Defendant-Appellant.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS
Division V
Opinion by JUDGE RICHMAN
Hawthorne and Furman, JJ., concur
Announced December 17, 2015

Cynthia H. Coffman, Attorney General, Lisa K. Michaels, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee
Law Office of Suzan Trinh Almony, Suzan Trinh Almony, Broomfield, Colorado, for Defendant-Appellant
 
¶1         A jury convicted Bryan Matthew Giem of first degree aggravated motor vehicle theft (aggravated motor vehicle theft), theft, menacing, and two counts of aggravated robbery. In this appeal, Giem argues that the Double Jeopardy Clause and section 18-1-303, C.R.S. 2015, barred the People from prosecuting him for these offenses because he had already been prosecuted in California for the conduct underlying this case. We conclude that while the Double Jeopardy Clause did not bar Giem’s prosecution in Colorado, section 18-1-303 barred his prosecution here for aggravated motor vehicle theft, but not for the other counts. We therefore reverse the judgment as to aggravated motor vehicle theft and remand with directions to vacate that count and the corresponding sentence. We otherwise affirm.

I. Background
¶2         The charges in this case arose from allegations that on December 21, 2011, Giem approached the victim in a Jefferson County parking lot, pointed a gun at him, demanded his car keys, and took his car. The car contained $3000 in cash, a Louis Vuitton bag worth approximately $800, and other items. The car was equipped with an antitheft transmitter, and the next day law enforcement officials in California found Giem driving the victim’s car.

¶3         Giem was charged in California with carjacking, receiving stolen property, unlawful driving or taking of a vehicle, importing or keeping for sale a large capacity magazine, and driving under the influence (DUI). In February 2012, he pleaded guilty to unlawful driving or taking of a vehicle and DUI; the remaining counts were dismissed. He was sentenced to three years of probation, including 270 days in jail.
¶4         Charges arising from the taking of the car were filed in Jefferson County on December 29, 2011, and a few months later, Giem appeared in Colorado for this case. He moved to dismiss the charges, asserting that the Double Jeopardy Clause and section 18-1-303 precluded the People from prosecuting him because California had already prosecuted him for the same conduct. After a hearing, the district court denied Giem’s motion based on its conclusion that the exception to section 18-1-303’s bar against prosecution found in section 18-1-304(1)(b), C.R.S. 2015, applied to this case. Under that exception, a former prosecution in another jurisdiction does not bar a subsequent Colorado prosecution if the former prosecution “[w]as procured by the defendant without the knowledge of the appropriate prosecuting official and with the intent to avoid the sentence that otherwise might be imposed.” § 18-1-304(1)(b).

¶5         At trial, the jury convicted Giem of the counts listed above. He was sentenced on those counts to concurrent terms in the Department of Corrections, the longest of which was twelve years for aggravated robbery.
II. Discussion
¶6         On appeal, Giem challenges only the court’s ruling on his motion to dismiss, arguing that the Double Jeopardy Clause and section 18-1-303 barred his prosecution in Colorado. However, because the initial briefs focused on the district court’s ruling that the exception of section 18-1-304(1)(b) applied, we requested supplemental briefing on whether section 18-1-303 barred Giem’s prosecution in Colorado and, if so, for which counts.
¶7         Having received full briefing, we now conclude, contrary to the district court’s ruling, that the exception contained in section 18-1-304(1)(b) does not apply to the circumstances here. We next conclude that the Double Jeopardy Clause did not preclude Giem’s  Colorado prosecution. Finally, we consider whether section 18-1-303 barred his Colorado prosecution, and conclude that it barred only the count of aggravated motor vehicle theft.
A. The Motions Hearing

¶8         At the hearing on Giem’s motion to dismiss, his former cellmate testified that Giem told him the following when they were cellmates.

 Giem “committed a carjacking” in Colorado and was pulled over in California. 
 Authorities in California charged Giem with several crimes, including carjacking. 
 His plea agreement in California called for the carjacking count to be dismissed. 
 His lawyer there “told him that if [the] carjacking was dismissed, if he pled guilty to the other charges in California, that he could never be charged with carjacking in Colorado.” 
 He “took the deal there . . . to avoid prosecution here, and he would never have to look at any time here for that crime.”

¶9         The court’s factual findings for purposes of the motion included the following. 

¶10         After demanding the keys, Giem took the victim’s car, which contained several personal items belonging to the victim and his family. The next day, Giem “was arrested in the state of California driving the victim’s car, and he was arrested because, unbeknownst to [him], there was an antitheft transmitter in the car.”
¶11         Authorities in California filed charges against Giem. He knew that Colorado authorities would prosecute him as well. And he entered into the plea agreement in California to avoid the sentence that might otherwise have been imposed in Colorado.
B. Standards of Review
¶12         We review the court’s factual findings for clear error. See Valdez v. People, 966 P.2d 587, 590 (Colo. 1998). It is the trial court’s function to weigh the evidence, determine the credibility of witnesses, and resolve factual disputes. People v. Herrera, 935 P.2d 956, 958 (Colo. 1997). As long as evidence in the record supports the court’s factual findings, we will not overturn them. See People v. Quezada, 731 P.2d 730, 732 (Colo. 1987).
¶13         We review de novo the court’s application of the relevant statutes to its factual findings to. See People v. Mendoza, 313 P.3d 637, 644 (Colo. App. 2011); Joseph v. Equity Edge, LLC, 192 P.3d 573, 577 (Colo. App. 2008).

¶14         We also review de novo questions of statutory interpretation. People v. Diaz, 2015 CO 28, ¶9. When we interpret a statute, our goal is to give effect to the legislature’s intent. Bostelman v. People, 162 P.3d 686, 689 (Colo. 2007). Our search for that intent begins with the statute’s plain language. People v. Luther, 58 P.3d 1013, 1015 (Colo. 2002). If the statute’s language is unambiguous, then we look no further and apply the words as written. People v. Hicks, 262 P.3d 916, 918 (Colo. App. 2011). To determine the plain and ordinary meaning of a word, we may consult the dictionary. People v. Voth, 2013 CO 61, ¶23.
C. Analysis
1. Section 18-1-304(1)(b)’s Exception
¶15         Under some circumstances, section 18-1-303, which we discuss in greater detail below, bars a second prosecution in Colorado if the defendant has already been prosecuted in another jurisdiction. Section 18-1-304(1)(b), however, creates an exception that allows a prosecution to proceed even if section 18-1-303 would otherwise bar it if the former prosecution “[w]as procured by the defendant without the knowledge of the appropriate prosecuting official and with the intent to avoid the sentence that otherwise might be imposed.” Giem argues that the court incorrectly determined that he procured his California prosecution. We agree.

¶16         The court relied on two findings to conclude that section 18-1-304(1)(b) applied: Giem “drove the car [to California] and got arrested in it” and he “entered [the] plea with the intent to avoid prosecution here in Colorado.”
¶17         We first reject Giem’s argument that the court erroneously found his cellmate’s testimony to be credible. To be sure, the record contains both evidence that bolsters the cellmate’s credibility (such as his knowledge of specific details about Giem’s alleged crimes) and evidence that impeaches the cellmate’s credibility (such as his criminal history). The court recognized and weighed these competing pieces of evidence, ultimately finding the cellmate credible. Determining a witness’s credibility is the function of the trial court, and we may not overturn its credibility determination where, as here, it has record support. See Herrera, 935 P.2d at 958; Quezada, 731 P.2d at 732.
¶18         We agree with Giem, however, that the court’s factual findings do not support its legal conclusion that Giem procured his California prosecution.

¶19         Neither party cites to any Colorado authority interpreting or applying section 18-1-304(1)(b)’s exception and our research has not found any such authority. In this case of first impression, we must discern the meaning of the statutory exception. We base our interpretation and conclusions on the plain language of the statute, specifically the plain meanings of “procure” and “prosecution.” “Procure” means, among other things, “to cause something to happen or be done” and “bring about.” Webster’s Third New International Dictionary 1809 (2002). “Prosecution” means “[a] criminal proceeding in which an accused person is tried.” Black’s Law Dictionary 1341 (10th ed. 2014).
¶20         That Giem drove the victim’s car to California and was arrested does not establish that he procured prosecution in California. The record does not include any evidence that he sought out the authorities there. Nor did the court find that he did. To the contrary, the court found that “he was arrested because, unbeknownst to [him], there was an antitheft transmitter in the car.” Merely being present in California with a stolen car stops short of procuring a prosecution there.

¶21         The exception contained in section 18-1-304(1)(b) is based on a provision found in the Model Penal Code (MPC), which has been adopted in several states. Model Penal Code and Commentaries § 1.11 cmt. 3 at 183 (Am. Law Inst. 1980). According to the comments to the MPC, this exception “is designed to avoid the possibility that a defendant might contrive to be prosecuted and convicted of a minor charge before the full story is known, receive a fine or short sentence, and thereby immunize himself from prosecution for a serious offense.” Id. at 182. Here, the court did not find that Giem contrived to be prosecuted in California and convicted of a minor charge before the full story was known.
¶22         A decision from the Supreme Court of Arkansas supports our conclusion that Giem did not procure his California prosecution. In Craig v. State, 863 S.W.2d 825 (Ark. 1993), the court applied an Arkansas statute providing that “a former prosecution is not an affirmative defense when ‘the former prosecution was procured by the defendant without the knowledge of the appropriate prosecuting official or aggrieved party and with the purpose of avoiding the sentence which might otherwise be imposed.’” Id. at 827 (quoting Ark. Code Ann. § 5-1-115(2) (West 2015)). The court rejected the state’s argument that this statute applied, in part because the state “failed to show that [the defendant] procured or instigated his [first] prosecution,” which occurred in municipal court. Id. at 828. Following this conclusion, the court noted that “the record show[ed] that [the defendant] complied with the police officer’s citation, directing him to appear in municipal court.” Id. Here, similarly, Giem’s prosecution in California was the result of law enforcement officials pulling him over and arresting him.

¶23         That Giem accepted a plea offer in California based on his lawyer’s advice that it would allow him to avoid prosecution in Colorado does not affect our analysis. Regardless of his reasons for accepting the plea offer in California, his decision to do so necessarily occurred after his prosecution in California had begun. By then, it was too late to procure — in other words, to bring about — the prosecution.
¶24         For these reasons, we conclude that the trial court incorrectly determined that section 18-1-304(1)(b) prevented Giem from taking advantage of section 18-1-303. We now turn to whether the Double Jeopardy Clause or section 18-1-303 barred the Colorado prosecution.
2. The Double Jeopardy Clause

¶25         The parties dispute whether Giem preserved his constitutional double jeopardy argument. We need not resolve that dispute, however, because even if Giem preserved his argument, it would not prevail. Under the dual sovereignty doctrine, “successive prosecutions by two States for the same conduct are not barred by the Double Jeopardy Clause.” Heath v. Alabama, 474 U.S. 82, 88 (1985).
3. The Statutory Bar — Section 18-1-303(1)(a)
¶26         Section 18-1-303 “extends the double jeopardy prohibition to situations where the dual sovereignty doctrine otherwise would operate to permit state prosecution after a separate sovereign has prosecuted the defendant for the same offense.” People v. Morgan, 785 P.2d 1294, 1296 (Colo. 1990).
¶27         Section 18-1-303 provides, as relevant here:
(1) If conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States, or another state, or of a municipality, a prosecution in any other of these jurisdictions is a bar to a subsequent prosecution in this state under . . . the following circumstances:
(a) The first prosecution resulted in a conviction or an acquittal as defined in section 18-1-301(1)(a) and (1)(c), and the subsequent prosecution is based on the same conduct, unless:
(I) The offense for which the defendant was formerly convicted or acquitted requires proof of a fact not required by the offense for which he is subsequently prosecuted and the law defining each of the offenses is intended to prevent a substantially different harm or evil . . . .

¶28         The parties do not dispute that California and Colorado had concurrent jurisdiction over Giem’s conduct, and, in any event, we conclude that they did. A person can be punished in California if he or she “commit[s] any offense without [California] which, if committed within [California], would be larceny, carjacking, [or] robbery . . . under the laws of [California], and bring[s] the property stolen . . ., or any part of it, or [is] found with it, or any part of it, within [California].” Cal. Penal Code § 27(a)(2) (West 2015). “A person is subject to prosecution in [Colorado] for an offense . . . if . . . [t]he conduct constitutes an offense and is committed either wholly or partly within [Colorado].” § 18-1-201(1)(a), C.R.S. 2015.
¶29         It is also undisputed that Giem’s prosecution in California resulted in a conviction — he pleaded guilty to unlawful driving or taking of a vehicle.[1]See § 18-1-301(1)(c), C.R.S. 2015 (a guilty plea accepted by the court constitutes a conviction).

¶30         We next conclude that Giem’s Colorado prosecutions for menacing, theft, and aggravated robbery were not based on the same conduct that resulted in his conviction in California for unlawful driving or taking of a vehicle.
¶31         The Colorado prosecution for menacing was based on the allegation that Giem placed the victim in fear of imminent bodily injury by use of a deadly weapon, namely a handgun (Count 5). The Colorado prosecution for theft was based on the allegation that Giem took from the victim personal items with a value in excess of $1000, including the Louis Vuitton tote bag, money, and other objects found in the car (Count 4). The Colorado prosecutions for two counts of aggravated robbery were based on Giem’s taking from the victim the keys to the car, either by use of a handgun (Count 1) or by an article that led the victim to believe it was a handgun (Count 2). All of this conduct occurred only in Colorado.
¶32         By contrast, the conviction in California for unlawful driving or taking of a vehicle (which is further analyzed below), did not relate to any confrontation between Giem and the victim, and was based on the allegation that Giem unlawfully took the victim’s car without consent and with the intent to permanently or temporarily deprive the owner of possession.
¶33         We therefore conclude that Giem’s prosecutions in Colorado for menacing, theft, and aggravated robbery were not barred by his prior conviction in California for unlawful driving or taking of a vehicle.
¶34         However, we also conclude that Giem’s prosecution in Colorado for aggravated motor vehicle theft (Count 3) was based on the same conduct as the California conviction for unlawful taking of a vehicle, as both offenses were based on the taking and retention by Giem of the victim’s vehicle.
¶35         On this point, Morgan is instructive. The defendant in Morgan was convicted of receiving stolen property in a Navajo Nation district court for possessing stolen canoes on a Navajo reservation. Morgan, 785 P.2d at 1300. Colorado authorities then charged him with theft in state court for having stolen the canoes from a cabin in Montezuma County. Id. at 1295, 1300. The supreme court concluded that these two prosecutions “were based on a single, continuous course of alleged conduct, albeit occurring over a span of two to three weeks.” Id. at 1301.

¶36         Because the circumstances in Morgan satisfy section 18-1-303(1)(a)’s “same conduct” requirement, then so do the circumstances surrounding Giem’s convictions for unlawful driving or taking of a vehicle and aggravated motor vehicle theft. Like the defendant in Morgan, Giem faced separate prosecutions based on his “continuous course of alleged conduct” of taking and retaining the victim’s property. Moreover, Giem’s actions in Colorado and his arrest in California were separated by roughly one day, whereas the Morgan defendant’s conduct occurred over two or three weeks.
4. The Exception to the Statutory Bar — Section 18-1-303(1)(a)(I)
¶37         Having concluded that the circumstances of Giem’s prosecution for aggravated motor vehicle theft satisfy the bar of section 18-1-303(1)(a), we turn to section 18-1-303(1)(a)(I)’s exception to that bar. Under this exception, even if two prosecutions meet section 18-1-303(1)(a)’s criteria, the subsequent prosecution in Colorado is not barred and may proceed if “[t]he offense for which the defendant was formerly convicted or acquitted requires proof of a fact not required by the offense for which he is subsequently prosecuted and the law defining each of the offenses is intended to prevent a substantially different harm or evil.” § 18-1-303(1)(a)(I) (emphasis added).

¶38         Here, then, section 18-1-303(1)(a)(I)’s exception permitted the People to prosecute Giem in Colorado for aggravated motor vehicle theft only if (1) the California conviction for unlawful driving or taking of a vehicle required proof of a fact that the Colorado count for aggravated motor vehicle theft did not require and (2) the law defining unlawful driving or taking of a vehicle and the law defining the Colorado count for aggravated motor vehicle theft are intended to prevent a substantially different harm or evil. See Morgan, 785 P.2d at 1299; cf. People v. Gladney, 250 P.3d 762, 766 (Colo. App. 2010).[2]
¶39         The California statute proscribing “unlawful driving or taking of a vehicle” provides:
Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense.

Cal. Veh. Code § 10851(a) (West 2015).
¶40         In Colorado, as relevant here,
[a] person commits aggravated motor vehicle theft in the first degree if he or she knowingly obtains or exercises control over the motor vehicle of another without authorization or by threat or deception and . . . [r]etains possession or control of the motor vehicle for more than twenty-four hours; or . . . [u]nlawfully attaches or otherwise displays in or upon the motor vehicle license plates other than those officially issued for the motor vehicle.
§ 18-4-409(2)(a), (h), C.R.S. 2015.
¶41         The law defining unlawful driving or taking of a vehicle in California requires proof of a fact that the Colorado offense does not require: intent to permanently or temporarily deprive the owner of possession. Conversely, the Colorado offense does not require proof of a specific intent, but only proof that the defendant acted knowingly and without authorization. Because the California offense requires proof of a fact that the Colorado offense does not require, one of the exception’s two requirements is satisfied.

¶42         Even so, we conclude that the exception did not permit the People to prosecute Giem here for aggravated motor vehicle theft because we cannot say that the law of California and the law of Colorado are intended to prevent a substantially different harm or evil. To the contrary, as we read them, the laws defining unlawful driving or taking of a vehicle and aggravated motor vehicle theft are intended to prevent substantially similar harm — the unauthorized taking and retention of vehicles. Our analysis focuses not on the evidence underlying the charges in this particular case, but instead on a “more holistic and generalized comparison of the statutes at issue.” See People v. Wentling, 2015 COA 172, ¶60 (J. Jones, J., specially concurring).
¶43         Because only one of the exception’s two requirements exists as to aggravated motor vehicle theft, section 18-1-303 barred the People from prosecuting Giem on that count. See Morgan, 785 P.2d at 1302 (“The statutory exception is couched in conjunctive terms, and applies only where both requirements set out in section 18-1-303(1)(a)(I) are met.”).
III. Conclusion

¶44         The judgment is affirmed as to all counts except the count of aggravated motor vehicle theft. As to that count, the judgment is reversed and the case is remanded with directions to vacate that count and the corresponding sentence, and amend the mittimus accordingly.
JUDGE HAWTHORNE and JUDGE FURMAN concur.

[1] As we noted above, Giem also pleaded guilty in California to DUI. But because neither party argues that the DUI count affects our analysis, we do not include that count in our discussion.
[2] To the extent that the division in People v. Gladney, 250 P.3d 762, 766 (Colo. App. 2010), reformulated the statute into a “five-part test” for purposes of applying it in that case, we decline to apply that reformulated test here.