FILED
United States Court of Appeals
Tenth Circuit

March 16, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

JOSE EDUARDO MUNGUIA-
BAEZA,

      Petitioner,

v.

JEFFERSON B. SESSIONS, III,
United States Attorney General,

      Respondent.

No. 17-9523
(Petition for Review)

_____

ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

Aliens are subject to removal when convicted of two or more crimes involving moral turpitude. 8 U.S.C. § 1227(a)(2)(A)(ii).[1] Even when aliens are otherwise removable, they can ordinarily seek cancellation of removal;

---

[*] The parties do not request oral argument, and it would not materially help us to decide this appeal. As a result, we decide the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

[1] Aliens are also subject to removal when convicted of an aggravated felony. 8 U.S.C. § 1227(a)(2)(A)(iii). The government initially invoked this provision but later withdrew it as a basis for removal.

but they are ineligible for cancellation of removal when convicted of an aggravated felony. 8 U.S.C. § 1229b(a)(3).

These provisions underlie the appeal here, which was brought by Mr. Jose Eduardo Munguia-Baeza, who is a citizen of Mexico trying to remain in the United States as a lawful permanent resident. He was ordered removed based on two past convictions for crimes that the Board of Immigration Appeals regarded as crimes involving moral turpitude. And when Mr. Munguia-Baeza sought cancellation of removal, the Board ruled that he was ineligible based on a past conviction for an aggravated felony.

Mr. Munguia-Baeza filed a petition for review of the Board's rulings. On the challenge to removability, we grant the petition in part and remand for further proceedings. On the challenge involving cancellation of removal, we dismiss the petition for lack of jurisdiction.

## I. Background

Alleging conviction of crimes involving moral turpitude and an aggravated felony, the government presented evidence of Colorado convictions for

- identity theft (Colo. Rev. Stat. § 18-5-902(1)(a)),

- first-degree aggravated motor vehicle theft (Colo. Rev. Stat. § 18-4-409(2), (3)(a)), and

- second-degree burglary of a building (Colo. Rev. Stat. § 18-4-203(1)).

2

Mr. Munguia-Baeza denied removability and applied for cancellation of removal.

An immigration judge found Mr. Munguia-Baeza removable, treating identity theft and aggravated motor vehicle theft as crimes involving moral turpitude. In addition, the immigration judge denied the application for cancellation of removal, classifying the past conviction for second-degree burglary as an aggravated felony. The immigration judge reasoned that second-degree burglary met one definition of an aggravated felony: "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(G).

Mr. Munguia-Baeza appealed to the Board of Immigration Appeals, arguing that he was not removable and that he was eligible for cancellation of removal. On removability, he conceded that identity theft constituted a crime involving moral turpitude. But he denied the existence of a second crime involving moral turpitude, insisting that first-degree aggravated motor vehicle theft would not qualify. On cancellation of removal, Mr. Munguia-Baeza argued that his conviction for second-degree burglary did not constitute an aggravated felony because Colorado's version of the crime did not categorically match the generic definition of burglary. The Board rejected both arguments.

Mr. Munguia-Baeza petitioned this court for review, and we remanded for the Board to reconsider whether second-degree burglary in

3

Colorado qualified as an aggravated felony in light of the Supreme Court's recently issued opinion in *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Munguia-Baeza v. Lynch*, No. 15-9580 (10th Cir. June 27, 2016).

On remand, the immigration judge found that second-degree burglary did not constitute an aggravated felony under § 1101(a)(43)(G), reasoning that

- generic burglary "requires unlawful entry into a building or other structure" (*Mathis*, 136 S. Ct. at 2250 (internal quotation marks omitted)) and

- Colorado defines a "building" to include "a ship, trailer, sleeping car, airplane, or other vehicle" (Colo. Rev. Stat. § 18-4-101(1)).

Based on this reasoning, the immigration judge ruled that Colorado's burglary statute spanned beyond the generic definition of burglary. Admin. R. at 86-87. Nevertheless, the immigration judge ruled that the prior burglary would qualify as an aggravated felony under a different statutory provision (8 U.S.C. § 1101(a)(43)(U)), which classifies an attempt to commit a listed offense (including theft under § 1101(a)(43)(G)) as an aggravated felony.

Mr. Munguia-Baeza again appealed to the Board. But he did not challenge the immigration judge's new rationale for treating second-degree burglary as an aggravated felony. Instead, he again argued that Colorado's version of second-degree burglary spanned beyond the generic definition of burglary. The Board affirmed.

4

Mr. Munguia-Baeza challenges the Board's conclusion that he is

- removable on the ground that first-degree aggravated motor vehicle theft is a crime involving moral turpitude and

- ineligible for cancellation of removal based on a prior conviction for an aggravated felony.

## II. Removal

We first consider the Board's grounds for removal. Mr. Munguia-Baeza concedes that his prior conviction for identity theft would constitute a crime involving moral turpitude. But he challenges characterization of first-degree aggravated motor vehicle theft as a crime involving moral turpitude. For this contention, he alleges that Colorado's criminal statute on first-degree aggravated motor vehicle theft criminalizes takings regardless of whether they are permanent or temporary. In his view, the crime would involve moral turpitude only if the Colorado statute had been restricted to permanent takings.

### A. Waiver

The government contends that Mr. Munguia-Baeza waived this challenge by failing to adequately brief the issue in this court. We disagree, concluding that Mr. Munguia-Baeza adequately developed this challenge by explaining his argument and providing legal citations. We will therefore consider the argument.

5

**B.     Merits**

In considering this argument, we engage in de novo review. *See Rodriguez-Heredia v. Holder*, 639 F.3d 1264, 1267 (10th Cir. 2011). This review calls for the "categorical approach," where we compare the elements of the offense to the definition of a crime involving moral turpitude. *See Flores-Molina v. Sessions*, 850 F.3d 1150, 1158 (10th Cir. 2017).

"Generally speaking, moral turpitude refers to conduct which is inherently base, vile, or depraved, contrary to the accepted rules of morality." *Id.* at 1159 (brackets and internal quotation marks omitted). Typically, a theft offense would qualify only if it requires an intent to permanently deprive the victim of property. *See Lucio-Rayos v. Sessions*, 875 F.3d 573, 578 (10th Cir. 2017).

"[A] person commits first degree aggravated motor vehicle theft if he or she 'knowingly obtains or exercises control over the motor vehicle of another without authorization or by threat or deception,' and one or more of eight enumerated aggravating circumstances is present." *People v. Manier*, 197 P.3d 254, 259 (Colo. App. 2008) (quoting Colo. Rev. Stat. Ann. § 18-4-409(2)).[2]

---

[2]     The Colorado statute on first-degree aggravated motor vehicle theft provides:

The Board considered first-degree aggravated motor vehicle theft as a crime involving moral turpitude, reasoning that an element is "the intent to permanently deprive the owner of the vehicle." Admin. R. at 402 (citing *People v. Andrews*, 632 P.2d 1012 (Colo. 1981), and *People v. Rivera*, 524 P.2d 1082 (Colo. 1974)). But the statute does not require a specific intent to permanently deprive, and Colorado's crime of first-degree

> A person commits aggravated motor vehicle theft in the first degree if he or she knowingly obtains or exercises control over the motor vehicle of another without authorization or by threat or deception and:
> (a)   Retains possession or control of the motor vehicle for more than twenty-four hours; or
> (b)   Attempts to alter or disguise or alters or disguises the appearance of the motor vehicle; or
> (c)   Attempts to alter or remove or alters or removes the vehicle identification number; or
> (d)   Uses the motor vehicle in the commission of a crime other than a traffic offense; or
> (e)   Causes five hundred dollars or more property damage, including but not limited to property damage to the motor vehicle involved, in the course of obtaining control over or in the exercise of control of the motor vehicle; or
> (f)   Causes bodily injury to another person while he or she is in the exercise of control of the motor vehicle; or
> (g)   Removes the motor vehicle from this state for a period of time in excess of twelve hours; or
> (h)   Unlawfully attaches or otherwise displays in or upon the motor vehicle license plates other than those officially issued for the motor vehicle.
>
> (3)   Aggravated motor vehicle theft in the first degree is a:
> (a)   Class 4 felony if the value of the motor vehicle or motor vehicles involved is twenty thousand dollars or less . . . .

Colo. Rev. Stat. § 18-4-409(2), (3)(a) (amended Aug. 6, 2014).

aggravated motor vehicle theft "is not defined in terms of either a specific intent to permanently deprive or an act which has the effect of permanently depriving another of the use or benefit of the property taken." *People v. Andrews*, 632 P.2d 1012, 1015 n.4 (Colo. 1981); *see People v. Giem*, 378 P.3d 809, 815-16 (Colo. App. 2015) (stating that Colorado's statute for first-degree aggravated motor vehicle theft requires that the act be knowing but does not require specific intent).[3]

The government relies largely on *People v. Meads*, 58 P.3d 1137 (Colo. App. 2002). This opinion addressed Colorado's statutory provisions for theft (Colo. Rev. Stat. § 18-4-401(1)(a)) and second-degree aggravated motor vehicle theft (Colo. Rev. Stat. § 18-4-409(4)). 58 P.3d at 1139.[4] The opinion held that second-degree aggravated motor vehicle theft is not a lesser-included offense of theft, partly because the theft statute requires a mens rea that can be satisfied in various ways, including an intent to permanently deprive someone of the item's use or value. *Id.* (citing Colo.

---

[3]     Uniform jury instructions exist for the aggravating factors involved in motor vehicle theft and elevation of the offense to a class four felony. Colo. Jury Instr. Crim. 4-4:19-26; Colo. Jury Instr. Crim. 4-4:27.INT. But none of these uniform instructions require an intent to permanently deprive someone of his or her property. Thus, when pleading guilty, Mr. Munguia-Baeza admitted only that he had acted "knowingly," not that he had intended to permanently deprive someone of property. Admin. R. at 892.

[4]     The government overlooks *Meads*'s discussion of the theft statute and cites only the statute on aggravated motor vehicle theft (Colo. Rev. Stat. § 18-4-409).

Rev. Stat. § 18-4-401(1)(a)). But the court held that this element does not exist for second-degree aggravated motor vehicle theft. *Id.*

This difference proves critical here because Mr. Munguia-Baeza was not convicted under the theft statute. Instead, he was convicted of first-degree aggravated motor vehicle theft under Colo. Rev. Stat. § 18-4-409. Unlike the theft statute, Mr. Munguia-Baeza's statute of conviction does not require a specific intent to permanently deprive someone of the item's use or benefit. *People v. Andrews*, 632 P.2d 1012, 1015 n.4 (Colo. 1981); *see* pp. 6-8 & n.2, above. Thus, the Board erroneously reasoned that first-degree aggravated motor vehicle theft requires an intent to permanently deprive someone of property.[5] This error taints the Board's characterization of first-degree aggravated motor vehicle theft as a crime involving moral turpitude, requiring us to grant the petition on the issue of removability.

## III. Cancellation of Removal

We also consider the Board's ruling that Mr. Munguia-Baeza was ineligible for cancellation of removal. In proceedings before the Board, Mr. Munguia-Baeza did not challenge the immigration judge's characterization of the second-degree burglary of a building as an

---

[5] We express no opinion on other possible reasons to regard first-degree aggravated motor vehicle theft as a crime involving moral turpitude.

9

aggravated felony. Instead, he reurged the argument that the immigration judge had already credited: that this crime is not categorically an aggravated felony under 8 U.S.C. § 1101(a)(43)(G).

Now he pivots to a new argument, contending that second-degree burglary of a building would not

- constitute an attempted theft offense under § 1101(a)(43)(U) or

- match the generic crime of theft.

We lack jurisdiction to consider this argument, however, because Mr. Munguia-Baeza did not present it to the Board.

We ordinarily obtain jurisdiction only on issues that have been exhausted in the Board's proceedings. *Molina v. Holder*, 763 F.3d 1259, 1262 (10th Cir. 2014). "It is not enough to go through the procedural motions of a [Board] appeal, or to make general statements in the notice of appeal to the [Board], or to level broad assertions in a filing before the [Board]." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) (internal quotation marks omitted). Instead, the alien must present us with the "*same specific legal theory*" that he or she had presented to the Board. *Id.*

Mr. Munguia-Baeza has presented us with a different legal theory than the one presented to the Board. To the Board, Mr. Munguia-Baeza didn't challenge the immigration judge's characterization of the prior burglary as an attempted theft offense under § 1101(a)(43)(U). Instead, he

10

renewed his previous argument that Colorado's version of second-degree burglary of a building was overbroad by prohibiting "unlawful entry into a 'ship, trailer, sleeping car, airplane, or other vehicle.'" Admin. R. at 53 (quoting Colo. Rev. Stat. § 18-4-101(1)).

Mr. Munguia-Baeza argues that he did not need to present his new legal theory to the Board because it considered this theory on its own. For this argument, he relies on *Sidabutar v. Gonzales*, 503 F.3d 1116 (10th Cir. 2007). There we recognized a narrow exception to the exhaustion requirement, holding that failure to raise an issue with the Board will not bar judicial review when the Board of Immigration Appeals addresses and decides the issue *sua sponte* in a "full explanatory opinion" or with "a discernible substantive discussion on the merits." 503 F.3d at 1121-22. In our view, however, the *Sidabutar* exception does not apply.

The Board discussed the immigration judge's decision but observed that Mr. Munguia-Baeza had not addressed the reason newly given for deeming him ineligible for cancellation of removal (that the second-degree burglary of a building qualified as an attempted theft). The Board said that it was not persuaded to disturb the immigration judge's decision, but the Board did not expressly decide whether the second-degree burglary of a building would constitute an attempted theft. As a result, the *Sidabutar* exception does not apply and Mr. Munguia-Baeza's failure to exhaust his new argument forecloses appellate jurisdiction on cancellation of removal.

11

## IV.  Disposition

On removability, we grant the petition and remand for further proceedings. On cancellation of removal, we dismiss the petition for lack of jurisdiction.

Entered for the Court


Robert E. Bacharach
Circuit Judge